IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JAN 2 8 2008
1-28-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

United States of America ex rel.

__David Wood - #K95302__
(Full name and prison number)
(Include name under which convicted)

PETITIONER

vs.

__Andrew K. Ott__
(Warden, Superintendent, or authorized
person having custody of petitioner)

RESPONDENT, and

(Fill in the following blank **only** if judgment
attacked imposes a sentence to commence
in the future)

ATTORNEY GENERAL OF THE STATE OF

_____
(State where judgment entered)

08CV615
JUDGE DOW
MAG. JUDGE DENLOW

Case Number of State Court Conviction:

__99 CR 02748__

PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: __Circuit Court of Cook County Third Municipal District 2121 Euclid Ave. Rolling Meadows, IL 60008__

2. Date of judgment of conviction: __June 29, 2001__

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
   __Predatory Criminal Sexual Assault__

4. Sentence(s) imposed: __10 Years - TIS 85%__

5. What was your plea? (Check one)   (A) Not guilty   (X)
                                      (B) Guilty       ( )
                                      (C) Nolo contendere ( )

   If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:
   __N/A__

Revised: 7/20/05

**PART I – TRIAL AND DIRECT REVIEW**

1. Kind of trial: (Check one):   Jury (X)   Judge only ( )

2. Did you testify at trial?   YES (X)   NO ( )

3. Did you appeal from the conviction or the sentence imposed? YES (X) NO ( )

   (A) If you appealed, give the

   (1) Name of court: Appellate Court of Illinois - First Judicial District
   (2) Result: Trial Court's judgment was affirmed
   (3) Date of ruling: June 24, 2003
   (4) Issues raised: Trial Court improperly barred Psychologist and Forensic Psychiatrist from testifying as expert witnesses, unsupported insinuations during cross-examination, and that State made improper remarks during closing argument.

   (B) If you did not appeal, explain briefly why not:
   N/A

4. Did you appeal, or seek leave to appeal, to the highest state court? YES (X)   NO ( )

   (A) If yes, give the

   (1) Result: Petition for leave to appeal denied
   (2) Date of ruling: October 7, 2003
   (3) Issues raised: Trial Court improperly barred Psychologist and Forensic Psychiatrist from testifying as expert witnesses at jury trial, depriving defendant of his constitutional right to a fair trial

   (B) If no, why not: N/A

5. Did you petition the United States Supreme Court for a writ of *certiorari*? Yes ( ) No (X)

   If yes, give (A) date of petition: N/A   (B) date *certiorari* was denied: N/A

**PART II – COLLATERAL PROCEEDINGS**

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

    YES (X)  NO ( )

    With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

    A. Name of court: Circuit Court of Cook County – Third Municipal District
    B. Date of filing: April 13, 2004
    C. Issues raised: Ineffective assistance of counsel resulting in defendant being denied a proper and adequate adversarial process, defendant being denied access to counsel, being present at Police Station during interrogation
    D. Did you receive an evidentiary hearing on your petition?   YES ( )  NO (X)
    E. What was the court's ruling? Summary Dismissal
    F. Date of court's ruling: May 20, 2004
    G. Did you appeal from the ruling on your petition?   YES (X)  NO ( )
    H. (a)  If yes, (1) what was the result? Appeal denied
    
          (2) date of decision: September 5, 2006
       (b)  If no, explain briefly why not: N/A

    I. Did you appeal, or seek leave to appeal this decision to the highest state court?

       YES (X)  NO ( )

       (a) If yes, (1) what was the result? Petition for leave to appeal denied
          (2) date of decision: January 24, 2007
       (b) If no, explain briefly why not: N/A

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?   YES ( )   NO (X)

   A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

   1. Nature of proceeding         N\A
   2. Date petition filed          N\A
   3. Ruling on the petition       N\A
   4. Date of ruling               N\A
   5. If you appealed, what was the ruling on appeal?   N\A
   6. Date of ruling on appeal     N\A
   7. If there was a further appeal, what was the ruling?   N\A
   8. Date of ruling on appeal     N\A

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?   YES ( )   NO (X)

   A. If yes, give name of court, case title and case number:   N\A

   B. Did the court rule on your petition? If so, state

   (1) Ruling:   N\A
   (2) Date:     N\A

4. With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?   YES ( )   NO (X)

   If yes, explain:   N\A

## PART III – PETITIONER'S CLAIMS

1. State <u>briefly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one  Denied presentation of expert witness testimony at trial
Supporting facts (tell your story <u>briefly</u> without citing cases or law):

The barring of critical expert testimony at my trial deprived me of the ability to present an adequate defense. The jury was deprived of hearing testimony based on the expert medical opinion of a board certified Forensic Psychiatrist, that was beyond the general knowledge of a jury and vital in allowing them to understand forensic issues needed to render a well informed decision. The right to present a critical expert witness is guaranteed under the 5th and 14th Amendments of the United States Constitution. A sworn affidavit by barred expert witness, Dr. Sheldon S. Greenberg, M.D., S.C. is attached as Exhibit D1-D3, dated April 28, 2004.

(B) Ground two  Denial of effective assistance of counsel
Supporting facts:

My trial counsel, as confirmed by the trial record and attached affidavit, was unable to effectively argue against the State's motion in limine to bar the testimony of a critical expert witness to my defense, due directly to my counsel's lack of preparation. Dr. Sheldon S. Greenberg, M.D., S.C. attests to the fact that my counsel never interviewed him before trial in the attached affidavit (Exhibit D1-D3). My counsel also presented no affirmative defenses on my behalf revealing that he failed to conduct a reasonably substantial investigation into a plausible line of defense. The right to effective assistance of counsel is guaranteed under the 5th, 6th, and 14th Amendments of the United States Constitution.

(C) Ground three _Conviction obtained by use of coerced confession_
Supporting facts:

Due to the fact that no physical evidence of alleged crime existed, the State relied heavily on my alleged voluntary statements, that were a product of coercion by the interrogating detectives. Since the interrogation was not videotaped or audibly recorded, the need to establish that my statements were coerced was the 'heart of my defense' (U.S. v. Hall, 93 F 3d 1337). The State's ability to bar the expert testimony of Dr. Sheldon S. Greenberg, M.D., S.C., kept me from presenting to the jury the involuntariness of my statements based on an expert psychiatric basis.

(D) Ground four _Denied access to counsel during interrogation_
Supporting facts:

My counsel was present in the Wheeling Police Station during my interrogation. My counsel's request to see me as my acting counsel at the front desk was witnessed by two individuals, it was also witnessed that the detective interrogating me was clearly informed that I had legal counsel present. I was never informed of the fact that I had legal counsel present until after the interrogation was over and my alleged voluntary statements had been taken. This was in direct violation of my protection against self-incrimination as guaranteed under the 5th Amendment of the United States Constitution.

2. Have all grounds raised in this petition been presented to the highest court having jurisdiction?

   YES (X)   NO ( )

3. If you answered "NO" to question (2), state briefly what grounds were not so presented and why not:

   N/A

Note on Ground Four: This point was argued during pre-trial hearings and was presented in my post-conviction petition by raising the point that my counsel failed to subpoena the Wheeling Police Department for the visitor log of the day of my interrogation to show that my counsel was in fact present during it and not allowed access to me.

## PART IV – REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing  James P. Hilliard, LaSalle St. Chicago, IL 60601

(B) At arraignment and plea  James P. Hilliard, LaSalle St. Chicago, IL 60601

(C) At trial  James P. Hilliard, LaSalle St. Chicago, IL 60601

(D) At sentencing  James P. Hilliard, LaSalle St. Chicago, IL 60601

(E) On appeal  Mitchell B. Katten 161 N. Clark St. Suite 2230 Chicago, IL 60601

(F) In any post-conviction proceeding  Joshua A. Tepfer Office of the State Appellate Defender

(G) Other (state): 203 N. LaSalle St. - 24th Floor Chicago, IL 60601

## PART V – FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )   NO (X)

Name and location of the court which imposed the sentence: N/A

Date and length of sentence to be served in the future  N/A

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: 1/21/08
(Date)

"Evidentiary Hearing Requested"

Signature of attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

_____
(Signature of petitioner)

K95302
(I.D. Number)

Graham Correctional Center
(Address)

P.O. Box 499
Hillsboro, IL 62049

SHELDON S. GREENBERG, M.D., S.C.

2835 N. Sheffield Ave., Suite 210
Chicago, IL 60657
Telephone: (773) 561-3365
Fax: (773) 880-2409
E-mail: sgreenbergmd@perfectserve.net

RECEIVED
CLERK OF THE CIRCUIT COURT

2004 MAY 25  PM 3: 34

_____CLERK
(DOROTHY BROWN)

April 28, 2004

CONFIDENTIAL

Mr. David Wood – K95302
P.O. Box 499
Hillsboro, IL 62049-0499

## STATEMENT OF AFFIDAVIT

It is my belief that I had been improperly excluded as an expert witness. Because o___ proper consideration could not be given by the Court in the forensic matters that ha___ transpired. I believed that I should have been given the opportunity to testify to the ultimate issues in this case. My skills and experience in diagnosing and evaluating offenders are not commonly contained in the general sphere of knowledge of the layperson. My testimony would be based on the many hours that I had spent in evaluating Mr. Wood and would have been consistent with diagnostic criteria com___ used in psychiatric practice.

My report of September 20, 1999 described Mr. Wood's psychiatric history and diagnosis. Had I been allowed to testify in this issue, a far more comprehensive understanding would have been made available for the Court's consideration. Such___ elaboration would have been critical regarding the forensic questions in this case. T___ jury had been deprived of material and testimony that it would have needed in orde___ properly evaluate the issues at hand. I also had given an opinion regarding what I h___

EXHIBIT
D1

believed was the involuntariness of Mr. Wood's confession. There was a psychiatric basis for my conclusion and was within my area of expertise. I believe that my testimony was critical for Mr. Wood to be able to offer an adequate forensic defense. My testimony would have been based on my experience in both treating and evaluating Mr. Wood.

I have been in practice of psychiatry since 1974. My board certifications are in general psychiatry, addiction medicine, and forensic psychiatry. I have evaluated such clinical issues in both civil and criminal cases since approximately 1972. I believe my testimony would have made a qualitative difference in the jury's ability to make a well-informed decision. I especially would have been able to comment on how he had been pressured and coerced into rendering a false confession. I had never been asked by his attorney to detail what my testimony would be, and thus, I was unable to properly aid his attorney in effectively arguing to allow my testimony to be admitted at trial.

In conclusion, I believe that my testimony was generally beyond the general knowledge of a jury and that it was vital in allowing them to understand and render an informed decision. I believe that Mr. Wood had been, therefore, deprived of being able to prepare an adequate defense. In conclusion, I am able to cooperate regarding these issues as so requested by the Court. If any questions arise, please feel free to contact me.

Sincerely,

Sheldon S. Greenberg, M.D.
Board Certified in Psychiatry and Addiction Medicine and Forensic Psychiatry

SSG/jm

EXHIBIT D2

## AFFIDAVIT

STATE OF ILLINOIS

COUNTY OF COOK

I, Sheldon S. Greenberg, being duly sworn on oath, certify under penalties of perjury that the facts alleged in the foregoing affidavit are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, I certify as aforesaid that I verily believe the same to be true.

/s/ _____ AFFIANT
(print) Sheldon S. Greenberg

2835 N. Sheffield Avenue
Suite 210
Chicago, IL 60657

Subscribed and sworn to before me
this 14 day of May, 2004.

_____
Jennifer E. Bock
NOTARY PUBLIC



"OFFICIAL SEAL"
JENNIFER E. BOCK
COMMISSION EXPIRES 03/28/06

EXHIBIT D3

RECEIVED
2004 MAY 25 PM 3:34
CLERK OF THE CIRCUIT COURT
(DOROTHY BROWN) CLERK