IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DAVID WOOD, ) ) ) | |
| Petitioner, ) ) | |
| v. ) ) | No. 08 C 615 |
| ANDREW OTT, Acting Warden, ) ) | The Honorable Robert M. Dow, |
| Respondent. ) | Judge Presiding. |

**MOTION TO DISMISS AS TIME-BARRED PETITIONER'S
PETITION FOR WRIT OF HABEAS CORPUS**

In compliance with Rule 4[1] of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2244(d), and this Court's February 25, 2008 order, respondent Andrew Ott moves to dismiss petitioner's petition for writ of habeas corpus as time-barred, and states as follows:

1. Petitioner David Wood is identified as prisoner K95302, and is in the

---

[1] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts contemplates that the respondent's response to the petition may be by "motion, or other response." In this vein, the Committee Notes explain that where a "dismissal may be called for on procedural grounds," a response by motion could "avoid burdening the respondent with the necessity of filing an answer on the substantive merits of a petition." Advisory Committee Notes to Rule 4, 1976 Adoption. This reasoning remains in force following the 2004 amendments to Rule 4. *See* Advisory Committee Notes to Rule 4, 2004 Amendments ("[t]he amended rule [4] reflects that the response to the habeas petition may be a motion"). *See also* Advisory Committee Notes to Rule 5, 2004 Amendments (Rule 4 permits the filing of pre-answer motions to dismiss, and "reflects the view that if the court does not dismiss the petition, it may require (or permit) the respondent to file a motion").

custody of Andrew Ott, Acting Warden of the Graham Correctional Center in Hillsboro, Illinois.

2. On June 29, 2001, petitioner was found guilty in the Circuit Court of Cook County, Illinois of predatory criminal sexual assault and was sentenced to 10 years' imprisonment. *See* Pet. at 1; Exh. A at 94 (Opinion, *People v. Wood*, 793 N.E.2d 91 (Ill.App. 2003)).

3. Petitioner appealed, and on June 24, 2003, the state appellate court affirmed. *See* Pet. at 2, ¶3(A)(3); Exh. A. Petitioner filed a Petition for Leave to Appeal (PLA) in the state supreme court that was denied on October 7, 2003. *See* Pet. at 2, ¶4(A)(2); Exh. B (Order, *People v. Wood*, No. 96747 (Ill. 2003)). Petitioner did not file a petition for writ of certiorari to the United States Supreme Court. *See* Pet. at 2, ¶5.

4. On April 13, 2004, petitioner filed a postconviction petition pursuant to 725 ILCS 5/122-1, *et seq*. *See* Pet. at 3, ¶1(B); Exh. C at 5 (Certified Statement of Disposition, *People v. Wood*, No. 99 CR 02748); Exh. D at 3 (Order, *People v. Wood*, 1-04-3481 (Ill.App. 2006)). On May 20, 2004, the postconviction court summarily dismissed the petition. *See* Pet. at 3, ¶1(F); Exh. C at 5.

5. Petitioner appealed, and on September 5, 2006, the state appellate court affirmed. *See* Pet. at 3, ¶1(F); Exh. D. Petitioner filed a PLA that was denied on January 24, 2007. *See* Pet. at 3, ¶1(I); Exh. E (Order, *People v. Wood*, No.

103557 (Ill. 2007)). Respondent has confirmed that petitioner did not file a petition for writ of certiorari from his collateral appeal.

    6.    On January 21, 2008,[2] petitioner filed the instant petition for habeas corpus relief under 28 U.S.C. § 2254, raising four issues:

    (a)    the trial court improperly prevented him from presenting forensic evidence;

    (b)    trial counsel was ineffective for failing to:

        (i)    properly oppose the State's motion in limine regarding his expert; and

        (ii)    present any affirmative defenses;

    (c)    his confession was inadmissible because it was coerced; and

    (d)    he was denied access to counsel during the underlying police investigation.

*See* Pet. at 5-6.

    7.    Petitioner has exhausted his state remedies as required by 28 U.S.C. § 2254(b), in that he has no further state court avenues of review. Respondent is

---

[2] Petitioner actually signed the petition on January 21, 2008, meaning that date is the earliest he could have filed it. *See Jones v. Bertrand*, 171 F.3d 499, 503 (7th Cir. 1999) (correct filing date for a habeas petition is when petitioner hands petition to prison officials for mailing). Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts sets forth the "mailbox rule" applicable to pro se habeas filings. Petitioner does not indicate when, if at all, he deposited his habeas petition in Graham Correctional Center's internal mailing system, and he does not state whether postage was prepaid. Because respondent cannot discern whether petitioner complied with Rule 3(d), he assumes, arguendo, that the petition was submitted to prison officials on the day that petitioner signed the petition.

filing under separate cover the following state court materials as exhibits to this motion to dismiss:

> Exhibit A:   Opinion, *People v. Wood*, 793 N.E.2d 91 (Ill.App. 2003);
>
> Exhibit B:   Order, *People v. Wood*, No. 96747 (Ill. 2003);
>
> Exhibit C:   Certified Statement of Disposition, *People v. Wood*, No. 99 CR 02748;
>
> Exhibit D:   Order, *People v. Wood*, 1-04-3481 (Ill.App. 2006); and
>
> Exhibit E:   Order, *People v. Wood*, No. 103557 (Ill. 2007).

8.   The instant petition for writ of habeas corpus should be dismissed with prejudice because it is untimely under 28 U.S.C. § 2244(d)(1), which imposes a one-year statute of limitations on the filing of § 2254 habeas corpus petitions. *Allen v. Siebert*, 552 U.S. __, 128 S.Ct. 2, 3 (2007). Section 2244(d) states:

> (1)   A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> >
> > (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review; or

      (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

9.    Petitioner's direct appeal concluded on January 5, 2004, ninety days after his PLA was denied by the state supreme court. *See Jones v. Hulick*, 449 F.3d 784, 787-788 (7th Cir. 2006); § 2244(d)(1)(A). Petitioner filed his postconviction petition on April 13, 2004. *See* Pet. at 3, ¶1(B); Exh. C at 5; Exh. D at 3. Because petitioner had no application for postconviction or other collateral review pending from January 6, 2004 until April 13, 2004, 97 days ran on the one-year limitations period between the date his judgment was final and the date he filed his postconviction petition.

10.    Petitioner's filing of his state postconviction petition tolled the limitations period with 268 days remaining. *See* § 2244(d)(2) ("[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any limitations in this subsection;") *see also Artuz v. Bennett*, 531 U.S. 4, 5 (2000); *Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2004).

11.    Petitioner's limitations "clock" remained tolled until January 24, 2007, when the state supreme court denied his postconviction PLA. *See* Pet. at 3, ¶1(I);

5

Exh. E.  Petitioner did not seek certiorari review.  *See Gildon v. Bowen*, 384 F.3d 883, 885-886 (7th Cir. 2004) (one-year limitations period not tolled during time State postconviction petitioner could have filed, but did not file, petition for writ of certiorari); *Lawrence v. Florida*, 549 U.S. __, 127 S.Ct. 1079, 1085 (2007) (even filing of a petition for certiorari in Supreme Court from state postconviction action does not toll the statute of limitations under § 2244(d)(2)).  Therefore, petitioner's "clock" began running again on January 25, 2007, and he had 268 days or until October 22, 2007 — the original 365 days less the 97 days that had already run — to seek federal habeas relief.[3]  Giving petitioner the benefit of the doubt, at the earliest, he filed the petition habeas petition on January 21, 2008.  Therefore, petitioner's habeas petition was filed 91 days beyond the one-year limitation period.

      12.    Because petitioner did not file his petition for writ of habeas corpus within the limitations period set forth in 28 U.S.C. §2244(d)(1), this Court should dismiss it as untimely.  Moreover, petitioner does not assert any of the circumstances listed in § 2244(d)(1)(B)-(D) that might start the one-year limitation period at a later date.  Petitioner does not claim that an impediment to filing an application created by State action in violation of the Constitution or laws of the United States prevented him from filing a State action.  § 2244(d)(1)(B); *See Moore v. Battaglia*, 476 F.3d 504, 506 (2007); *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) (plain language of [§ 2244(d)(1)(B)] makes clear that whatever

---

[3] Because October 20, 2007 fell on a Saturday, petitioner had until October 22, 2007 to file his habeas petition.  *See* Federal Rule of Civil Procedure 6(a).

constitutes an impediment must *prevent* a prisoner from filing his petition). Nor does petitioner claim that any of the issues he presents involve a constitutional right newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review. § 2244(d)(1)(C). *See Johnson v. Robert*, 431 F.3d 992, 992 (7th Cir. 2005). And finally, petitioner does not invoke § 2244(d)(1)(D). *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (under subsection (D), time begins when prisoner knows, or through diligence could discover the factual predicate of the claim, not when prisoner recognizes legal significance). Therefore, §§ 2244(d)(1)(B)-(D) do not provide the applicable starting date for the limitations period.

      12.    Accordingly, petitioner's habeas petition was filed after the expiration of the one-year limitations period. And while AEDPA's limitations period may, in extraordinary circumstances, be subject to equitable tolling (*see Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007)), petitioner has neither alleged nor demonstrated his entitlement to equitable tolling; accordingly, his petition is time-barred and should be dismissed as untimely under § 2244(d).

## **CONCLUSION**

This Court should dismiss the instant petition for writ of habeas corpus with prejudice as time-barred. If the Court finds that the petition is timely, respondent requests 30 days from the entry of the Court's order denying this motion to address the merits and/or any procedural defenses to the petition.

March 11, 2008                                     Respectfully submitted,

                                                   LISA MADIGAN
                                                   Attorney General of Illinois

                         By:      s/Russell K. Benton_____
                                  RUSSELL K. BENTON, Bar # 6203142
                                  100 West Randolph Street, 12th Floor
                                  Chicago, Illinois 60601-3218
                                  PHONE: (312) 814-2113
                                  FAX: (312) 814-5166
                                  E-MAIL: Rbenton@atg.state.il.us

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 11, 2008, I electronically filed respondent's **Motion to Dismiss** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and on this same date, I mailed the same document by United States Postal Service to the following non-registered participant:

David Wood, No. K95302
Graham Correctional Center,
P.O. Box 499
Hillsboro, IL 62049

                                               By:    s/Russell K. Benton
                                                              RUSSELL K. BENTON, Bar # 6203142
                                                              100 West Randolph Street, 12th Floor
                                                              Chicago, Illinois 60601-3218
                                                              PHONE: (312) 814-2113
                                                              FAX: (312) 814-5166
                                                              E-MAIL: Rbenton@atg.state.il.us

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DAVID WOOD, <br><br> Petitioner, <br><br> v. <br><br> ANDREW OTT, Acting Warden, <br><br> Respondent. | No. 08 C 615 <br><br> The Honorable <br> Robert M. Dow, <br> Judge Presiding. |

## TO THE CLERK OF THE UNITED STATES DISTRICT COURT

The following exhibits are being manually filed with respondent's motion to dismiss in the above-captioned matter:

Exhibit A:   Opinion, *People v. Wood*, 793 N.E.2d 91 (Ill.App. 2003);

Exhibit B:   Order, *People v. Wood*, No. 96747 (Ill. 2003);

Exhibit C:   Certified Statement of Disposition, *People v. Wood*, No. 99 CR 02748;

Exhibit D:   Order, *People v. Wood*, 1-04-3481 (Ill.App. 2006); and

Exhibit E:   Order, *People v. Wood*, No. 103557 (Ill. 2007).

March 11, 2008               By:     s/Russell K. Benton_____
                                     RUSSELL K. BENTON, Bar # 6203142
                                     100 West Randolph Street, 12th Floor
                                     Chicago, Illinois 60601-3218
                                     PHONE: (312) 814-2113
                                     FAX: (312) 814-5166
                                     E-MAIL: Rbenton@atg.state.il.us