

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
  DAVID WOOD, )
                           )
          Petitioner, )
                           )   No. 08 C 615
                           )
      v. )
                           )   The Honorable
ANDREW OTT, Acting Warden, )   Robert M. Dow,
                           )   Judge Presiding.
         Respondent. )

KC FILED
MAR 1 1 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT
MAR 1 1 2008

## TO THE CLERK OF THE UNITED STATES DISTRICT COURT

The following exhibits are being manually filed with respondent's motion to dismiss in the above-captioned matter:

Exhibit A:   Opinion, *People v. Wood*, 793 N.E.2d 91 (Ill.App. 2003);

Exhibit B:   Order, *People v. Wood*, No. 96747 (Ill. 2003);

Exhibit C:   Certified Statement of Disposition, *People v. Wood*, No. 99 CR 02748;

Exhibit D:   Order, *People v. Wood*, 1-04-3481 (Ill.App. 2006); and

Exhibit E:   Order, *People v. Wood*, No. 103557 (Ill. 2007).

March 11, 2008

By:   <u>s/Russell K. Benton</u>

RUSSELL K. BENTON, Bar # 6203142
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601-3218
PHONE: (312) 814-2113
FAX: (312) 814-5166
E-MAIL: Rbenton@atg.state.il.us

Westlaw.

793 N.E.2d 91                                                                                   Page 1
341 Ill.App.3d 599, 793 N.E.2d 91, 275 Ill.Dec. 611
**(Cite as: 341 Ill.App.3d 599, 793 N.E.2d 91)**

**H**
People v. Wood
Ill.App. 1 Dist.,2003.

Appellate Court of Illinois,First District, Second
Division.
The PEOPLE of the State of Illinois, Plaintiff-Ap-
pellee,
v.
David WOOD, Defendant-Appellant.
**No. 1-01-3698.**

June 24, 2003.

Defendant was convicted in the Circuit Court, Cook
County, Janice Bierman, J., of predatory criminal
sexual assault. Defendant appealed. The Appellate
Court, Cahill, J., held that: (1) defendant was not
entitled to present expert testimony regarding his
susceptibility to police suggestion and coercion; (2)
any error in prosecutor's repeated questions regard-
ing whether defendant possessed child pornography
was cured by curative instruction; and (3) defendant
was not entitled to reversal based on prosecutor's
comments in closing arguments.

Affirmed.

West Headnotes

**[1] Criminal Law 110 €══488**

110 Criminal Law
    110XVII Evidence
        110XVII(R) Opinion Evidence
            110k482 Examination of Experts
                110k488 k. Experiments and Results
Thereof. Most Cited Cases
Testimony of expert witness who examined defend-
ant was irrelevant to defendant's claim that his con-
fession was involuntary and was the result of his
being susceptible to suggestion and coercion; ex-
pert tested defendant for the limited purpose of de-
termining his sexual preferences, expert's report
was limited to interpretation of the test results, and

expert never assessed defendant's alleged susceptib-
ility to suggestion or coercion.

**[2] Criminal Law 110 €══1036.1(9)**

110 Criminal Law
    110XXIV Review
        110XXIV(E) Presentation and Reservation in
Lower Court of Grounds of Review
            110XXIV(E)1 In General
                110k1036 Evidence
                    110k1036.1 In General
                        110k1036.1(9) k. Exclusion of
Evidence. Most Cited Cases
Defendant failed to make an adequate offer of proof
to preserve error, and thus waived issue of whether
trial court erred in barring testimony of expert wit-
ness regarding whether defendant's confession was
involuntary and was the result of his being suscept-
ible to suggestion and coercion; defense counsel
gave ambiguous answers about proposed testimony
of expert and never claimed that testimony would
support a defense of coercion.

**[3] Criminal Law 110 €══1036.1(9)**

110 Criminal Law
    110XXIV Review
        110XXIV(E) Presentation and Reservation in
Lower Court of Grounds of Review
            110XXIV(E)1 In General
                110k1036 Evidence
                    110k1036.1 In General
                        110k1036.1(9) k. Exclusion of
Evidence. Most Cited Cases
When evidence is refused, no appealable issue re-
mains unless a formal offer of proof is made.

**[4] Criminal Law 110 €══1036.1(9)**

110 Criminal Law
    110XXIV Review
        110XXIV(E) Presentation and Reservation in
Lower Court of Grounds of Review
            110XXIV(E)1 In General

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**EXHIBIT A**

793 N.E.2d 91                                                                                   Page 2
341 Ill.App.3d 599, 793 N.E.2d 91, 275 Ill.Dec. 611
(Cite as: 341 Ill.App.3d 599, 793 N.E.2d 91)

110k1036 Evidence
   110k1036.1 In General
      110k1036.1(9) k. Exclusion of
Evidence. Most Cited Cases
Upon ruling excluding testimonial evidence, an ad-
equate offer of proof to preserve error for appeal is
made if counsel reveals, with particularity, the sub-
stance of the witness's anticipated answer; the offer
serves no purpose if it does not establish to both the
trial and reviewing courts the admissibility of the
testimony.

**[5] Criminal Law 110 €⇒661**

110 Criminal Law
   110XX Trial
      110XX(C) Reception of Evidence
         110k661 k. Necessity and Scope of Proof.
Most Cited Cases

**Criminal Law 110 €⇒1153(1)**

110 Criminal Law
   110XXIV Review
      110XXIV(N) Discretion of Lower Court
         110k1153 Reception and Admissibility of
Evidence; Witnesses
            110k1153(1) k. In General. Most Cited
Cases
Admission of evidence remains within the discre-
tion of the trial court and will not be reversed ab-
sent an abuse of discretion.

**[6] Criminal Law 110 €⇒469.1**

110 Criminal Law
   110XVII Evidence
      110XVII(R) Opinion Evidence
         110k468 Subjects of Expert Testimony
            110k469.1 k. Aid to Jury. Most Cited
Cases

**Criminal Law 110 €⇒472**

110 Criminal Law
   110XVII Evidence
      110XVII(R) Opinion Evidence

         110k468 Subjects of Expert Testimony
            110k472 k. Matters Involving Scientif-
ic or Other Special Knowledge in General. Most
Cited Cases
Expert testimony is proper where such testimony is
needed to explain matters beyond the common
knowledge of ordinary persons and helps the fact
finder in reaching a conclusion.

**[7] Criminal Law 110 €⇒474.4(5)**

110 Criminal Law
   110XVII Evidence
      110XVII(R) Opinion Evidence
         110k468 Subjects of Expert Testimony
            110k474.4 Character Traits or Profiles;
Syndromes
            110k474.4(5) k. Character of De-
fendant; Predisposition. Most Cited Cases
Defendant was not entitled to offer expert testi-
mony that defendant was easily coerced and sus-
ceptible to intimidation in order to support defend-
ant's claim that his confession to police was invol-
untary; such a claim was not beyond the under-
standing of ordinary citizens, defendant was not
diagnosed with a personality disorder, and expert
merely opined, based on the personal history de-
fendant related to him, that defendant was easily
coerced.

**[8] Criminal Law 110 €⇒730(13)**

110 Criminal Law
   110XX Trial
      110XX(E) Arguments and Conduct of Coun-
sel
         110k730 Action of Court
            110k730(13) k. Comments on Com-
mission of Other Offenses by Accused. Most Cited
Cases
Claimed error in prosecution's repeated questions
regarding whether defendant had child pornography
on his computer, alleged to have raised prejudicial
insinuations, was cured in predatory criminal sexual
assault prosecution by trial court's sustaining objec-
tions and instructing jury to disregard questions

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

793 N.E.2d 91
341 Ill.App.3d 599, 793 N.E.2d 91, 275 Ill.Dec. 611
**(Cite as: 341 Ill.App.3d 599, 793 N.E.2d 91)**

Page 3

where the objections had been sustained or answers stricken.

**[9] Criminal Law 110 ⊂⟹1043(3)**

110 Criminal Law
    110XXIV Review
        110XXIV(E) Presentation and Reservation in Lower Court of Grounds of Review
            110XXIV(E)1 In General
                110k1043 Scope and Effect of Objection
                110k1043(3) k. Adding to or Changing Grounds of Objection. Most Cited Cases
Defendant waived issue of whether prosecutor improperly asked questions regarding whether defendant had child pornography on his computer, where defendant objected on the ground that question was beyond the scope of direct examination but failed to object on the ground argued on appeal, that the question raised prejudicial insinuations.

**[10] Criminal Law 110 ⊂⟹1171.6**

110 Criminal Law
    110XXIV Review
        110XXIV(Q) Harmless and Reversible Error
            110k1171 Arguments and Conduct of Counsel
                110k1171.6 k. Comments on Character or Conduct of Accused or Prosecutor. Most Cited Cases
Defendant in predatory criminal sexual assault prosecution was not entitled to reversal of conviction and a new trial based on prosecution's allegedly improper questions to defendant regarding whether he had child pornography on his computer; evidence of defendant's guilt was manifest and did not turn on credibility of witnesses, given that defendant twice confessed to committing the charged offense.

**[11] Criminal Law 110 ⊂⟹1030(1)**

110 Criminal Law
    110XXIV Review
        110XXIV(E) Presentation and Reservation in

Lower Court of Grounds of Review
        110XXIV(E)1 In General
            110k1030 Necessity of Objections in General
                110k1030(1) k. In General. Most Cited Cases
The plain error rule is invoked where the evidence is closely balanced or where the error is of such magnitude that there is a substantial risk that the defendant was denied a fair trial.

**[12] Criminal Law 110 ⊂⟹1030(1)**

110 Criminal Law
    110XXIV Review
        110XXIV(E) Presentation and Reservation in Lower Court of Grounds of Review
            110XXIV(E)1 In General
                110k1030 Necessity of Objections in General
                110k1030(1) k. In General. Most Cited Cases
There can be no plain error absent reversible error.

**[13] Criminal Law 110 ⊂⟹708.1**

110 Criminal Law
    110XX Trial
        110XX(E) Arguments and Conduct of Counsel
            110k708 Scope and Effect of Summing Up
                110k708.1 k. In General. Most Cited Cases
Comments made in closing argument are considered in context in their entirety.

**[14] Criminal Law 110 ⊂⟹709**

110 Criminal Law
    110XX Trial
        110XX(E) Arguments and Conduct of Counsel
            110k708 Scope and Effect of Summing Up
                110k709 k. For Prosecution. Most

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

793 N.E.2d 91
341 Ill.App.3d 599, 793 N.E.2d 91, 275 Ill.Dec. 611
(Cite as: 341 Ill.App.3d 599, 793 N.E.2d 91)

Cited Cases

**Criminal Law 110 €═720(6)**

110 Criminal Law
   110XX Trial
      110XX(E) Arguments and Conduct of Counsel
         110k712 Statements as to Facts, Comments, and Arguments
            110k720 Comments on Evidence or Witnesses
               110k720(6) k. Inferences from and Effect of Evidence in General. Most Cited Cases
Prosecutors are given wide latitude in making closing arguments and may argue facts and make reasonable inferences drawn from the evidence.

**[15] Criminal Law 110 €═1171.1(2.1)**

110 Criminal Law
   110XXIV Review
      110XXIV(Q) Harmless and Reversible Error
         110k1171 Arguments and Conduct of Counsel
            110k1171.1 In General
               110k1171.1(2) Statements as to Facts, Comments, and Arguments
                  110k1171.1(2.1) k. In General. Most Cited Cases
A jury verdict will be reversed based on improper statements in closing arguments only when the improper comments cause substantial prejudice to a defendant.

**[16] Criminal Law 110 €═1171.1(2.1)**

110 Criminal Law
   110XXIV Review
      110XXIV(Q) Harmless and Reversible Error
         110k1171 Arguments and Conduct of Counsel
            110k1171.1 In General
               110k1171.1(2) Statements as to Facts, Comments, and Arguments
                  110k1171.1(2.1) k. In General.

Most Cited Cases
The appellate court will not reverse a trial court's determination that defendant was not prejudiced by improper statements in closing arguments absent an abuse of discretion.

**[17] Criminal Law 110 €═726**

110 Criminal Law
   110XX Trial
      110XX(E) Arguments and Conduct of Counsel
         110k726 k. Responsive Statements and Remarks. Most Cited Cases
In responding to defense counsel's argument that State failed to call certain witnesses preventing it from proving every element of the offense, prosecutor did not improperly suggest that defendant had a burden to produce witnesses to support an alibi defense; prosecutor corrected impression left by defense counsel and told the jury that the State was only required to call those witnesses that satisfied its burden.

**[18] Criminal Law 110 €═1137(2)**

110 Criminal Law
   110XXIV Review
      110XXIV(L) Scope of Review in General
         110k1135 Parties Entitled to Allege Error
            110k1137 Estoppel
               110k1137(2) k. Error Committed or Invited by Party Complaining in General. Most Cited Cases
Defendant was barred from complaining that prosecutor improperly commented on hearsay evidence in closing arguments, where evidence had been elicited by defense counsel.

**[19] Criminal Law 110 €═720(1)**

110 Criminal Law
   110XX Trial
      110XX(E) Arguments and Conduct of Counsel
         110k712 Statements as to Facts, Com-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

793 N.E.2d 91
341 Ill.App.3d 599, 793 N.E.2d 91, 275 Ill.Dec. 611
**(Cite as: 341 Ill.App.3d 599, 793 N.E.2d 91)**

Page 5

ments, and Arguments
     110k720 Comments on Evidence or Witnesses
        110k720(1) k. In General. Most Cited Cases
Prosecutor was entitled to comment on hearsay evidence during closing arguments, where such evidence was in the record.

**[20] Criminal Law 110 ☞723(1)**

110 Criminal Law
    110XX Trial
     110XX(E) Arguments and Conduct of Counsel
        110k722 Comments on Character or Conduct
        110k723 Appeals to Sympathy or Prejudice
        110k723(1) k. In General. Most Cited Cases
State is not free to invite the jurors to enter into some sort of empathetic identification with the victim.

**[21] Criminal Law 110 ☞723(1)**

110 Criminal Law
    110XX Trial
     110XX(E) Arguments and Conduct of Counsel
        110k722 Comments on Character or Conduct
        110k723 Appeals to Sympathy or Prejudice
        110k723(1) k. In General. Most Cited Cases
Prosecutor acted improperly in asking jury to place itself in the shoes of the victim in predatory criminal sexual assault prosecution.

**[22] Criminal Law 110 ☞1171.1(6)**

110 Criminal Law
    110XXIV Review
     110XXIV(Q) Harmless and Reversible Error

        110k1171 Arguments and Conduct of Counsel
        110k1171.1 In General
        110k1171.1(2) Statements as to Facts, Comments, and Arguments
        110k1171.1(6) k. Appeals to Sympathy or Prejudice; Argument as to Punishment. Most Cited Cases
Prosecutor's improper comments asking jury to place itself in the shoes of the victim in predatory criminal sexual assault prosecution was harmless error, given that evidence of guilt, including defendant's confession, was overwhelming.

**[23] Criminal Law 110 ☞1186.1**

110 Criminal Law
    110XXIV Review
     110XXIV(U) Determination and Disposition of Cause
        110k1185 Reversal
        110k1186.1 k. Grounds in General. Most Cited Cases
Generally, there is no cumulative error where none of the alleged errors amounts to reversible error.

**93*600***613** Michael J. O'Rourke, Mitchell B. Katten, Richard F. Linden and Michael Tecson of O'Rourke McCloskey & Moody, Chicago, for Appellant.
**94***614** Richard A. Devine, State's Attorney of Cook County, Chicago (Renee Goldfarb, *601Kenneth T. McCurry and Katherine Blakey Cox, Assistant State's Attorneys, of counsel), for Appellee.
Justice CAHILL delivered the opinion of the court:
    Defendant was convicted of predatory criminal sexual assault and sentenced to 10 years in prison. He argues on appeal that: (1) the trial court improperly barred a psychologist and psychiatrist from testifying; (2) unsupported insinuations during cross-examination denied him a fair trial; (3) the State made improper remarks during closing argument; and (4) the cumulative effect of the claimed errors warrants a new trial. We affirm.

    Roy Hok and his wife Emily Ou have two chil-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

793 N.E.2d 91
341 Ill.App.3d 599, 793 N.E.2d 91, 275 Ill.Dec. 611
**(Cite as: 341 Ill.App.3d 599, 793 N.E.2d 91)**

Page 6

dren, a daughter and a son. The children were three and seven, respectively, in 1999. Sim Wood, defendant's wife and Emily's sister, took care of the Hok children while the parents were at work. Roy picked up his children just before 5 p.m. each day. Defendant was charged with sexually assaulting his three-year-old niece, Hok's daughter, on January 5, 1999.

Roy testified at trial that he picked up his children at 4:40 p.m. on January 5, 1999. His son Jeremy told Roy that his sister had a secret. Roy asked his daughter what the secret was. She said that defendant told her not to tell. Roy demanded to know what the secret was. His daughter then said that defendant let her "suck his doing-doing." Roy took his daughter to a doctor that night. Roy admitted that his wife Emily left the children with her sister the next day, January 6. Emily and her sister did not discuss what happened the day before. Roy explained that there was no other babysitter for the children. Roy said that Emily picked up the children after only half a day. Roy explained that Emily's employer told her to pick up her children after learning what had happened the day before. Emily did not testify at trial. Roy made a police report on January 7, 1999.

Detective Joseph Licari testified that he interviewed defendant on January 8. Licari told defendant about his *Miranda* rights. Defendant said he understood his rights and signed a waiver form. Defendant first denied having sexual contact with his niece. But he later confessed in a written statement that his niece performed oral sex on him. Defendant said that he was masturbating in his office while watching a pornographic slide show. He told his niece not to tell anyone what had happened. Defendant's signed statement was published to the jury. He also consented to a search of his home and seizure of his computer.

Defendant was then interviewed by Assistant State's Attorney Peter Karlovics. Defendant again confessed to having sexual contact with his niece. In a written statement, defendant said he was *602

masturbating as he watched a pornographic slide show that depicted a woman performing oral sex on a man. Defendant's niece entered the room and asked what the woman on the computer was doing. Defendant had his niece come by his side and mimic the action on the computer. Defendant told his niece not to tell anyone about what had happened. Defendant's statement also said that he had been treated well by the police and that he gave his statement freely and voluntarily.

Meghan McGrath works for the Children's Advocacy Center. McGrath testified that she interviewed defendant's niece on January 11, 1999. McGrath asked the child who takes care of her when her mother is at work. The child responded that defendant made her "suck a doing-doing." The child told McGrath that she **95 ***615 saw a picture on the computer of one woman and two boys. The woman was nude and was performing oral sex. The child showed McGrath where a "doing-doing" was by pointing between her legs. She told McGrath that defendant made her do what the woman on the computer was doing. The child also mentioned a person named Daniel during the interview in response to McGrath's question if anyone else had touched her. McGrath said that she had no trouble communicating with or understanding the child.

Defendant testified on his own behalf. Defendant said he came home at 3 p.m. on January 5, 1999. He went into his office and checked his email. Defendant then opened a pornographic slide show on his computer. Defendant was watching the slide show when his three-year-old niece came into the office. Defendant did not notice his niece until she asked what the woman on the computer was doing. The slide show depicted a woman performing oral sex on a man. Defendant turned off the show when he noticed his niece was in the room. Defendant told his niece not to tell anyone what she had seen. Defendant denied that he was masturbating.

Defendant testified that he was interviewed by Licari and Karlovics on January 8. Licari asked defendant what happened on January 5. Defendant

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

793 N.E.2d 91
341 Ill.App.3d 599, 793 N.E.2d 91, 275 Ill.Dec. 611
(Cite as: 341 Ill.App.3d 599, 793 N.E.2d 91)

Page 7

said Licari immediately read his *Miranda* rights and that he understood and waived those rights. Defendant denied having sexual contact with his niece. Licari interrupted defendant, called him a liar and told him that he was not telling the truth. Defendant said that Licari screamed at him and told defendant to confess or face "the maximum penalty." Defendant started to cry. He continued to deny having sexual contact with his niece. Licari told defendant that it would be in his interest to say what Licari wanted to hear. Defendant believed Licari and then confessed.

Defendant testified that he was crying when he was interviewed *603 by Assistant State's Attorney Karlovics. Defendant said that he did not tell Karlovics about the discrepancies in his confession because Licari had warned him against changing his story. Defendant said his confessions were false and that he did not sexually abuse his niece.

During cross-examination, the State asked defendant if he had child pornography on his computer. Defense counsel objected on the ground that the question was beyond the scope of direct examination. The trial court sustained the objection.

The State had filed a motion *in limine* before trial to bar testimony about defendant's state of mind, depression and susceptibility to coercion. Defendant intended to present expert testimony by Drs. Sheldon Greenberg and Tricia Porter on these issues. Drs. Greenberg and Porter had testified at an earlier hearing on a motion to change the conditions of defendant's bond pending trial. The purpose of the bond hearing was to determine whether defendant, who was not in custody, could return home to his wife and two small children. Subsequently, the trial court granted the State's motion *in limine* in part as to state of mind, depression and susceptibility to coercion, but said that the motion would be revisited during trial.

The State again objected at trial when defendant tried to call Dr. Greenberg as a witness. The trial court sustained the State's objection and barred

Dr. Greenberg from testifying. No ruling was made as to Dr. Porter.

During closing argument, the State asked the jurors to imagine themselves in the shoes of the victim and her family. **96 ***616 Defendant did not object to this remark. The jury found defendant guilty.

Defendant first argues that the trial court erred in barring Dr. Greenwood and Dr. Porter from testifying about the involuntary nature of his confession. Defendant reasons that this evidence was "directly relevant" to a defense that his confession was the result of his being "susceptible to suggestion and coercion." Defendant claims that this defense requires expert testimony and he concludes that, absent this evidence, the jury did not have the chance to consider or evaluate his defense. We disagree.

[1] We first note that defendant's argument is not relevant to the proposed testimony of Dr. Porter. Porter tested defendant for the limited purpose of determining his sexual preferences. But Porter did not conduct a full evaluation. Porter's report was limited to her interpretation of the test results. Porter found defendant was disturbed but did not share cognitive disorders generally present in child molesters. This testimony and report were used by the court in deciding whether to allow defendant to live with his wife and children pending trial. Porter never assessed defendant's alleged susceptibility *604 to suggestion or coercion. The trial court properly granted the State's motion *in limine* barring Porter's testimony at trial.

[2][3][4] Defendant's argument as to Dr. Greenberg is waived for failure to make an adequate offer of proof. An offer of proof allows a reviewing court to determine whether evidence was properly excluded. *People v. Armstrong*, 183 Ill.2d 130, 155, 233 Ill.Dec. 252, 700 N.E.2d 960 (1998). When evidence is refused, no appealable issue remains unless a formal offer of proof is made. *People v. Peeples*, 155 Ill.2d 422, 457, 186 Ill.Dec.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

793 N.E.2d 91

341 Ill.App.3d 599, 793 N.E.2d 91, 275 Ill.Dec. 611

**(Cite as: 341 Ill.App.3d 599, 793 N.E.2d 91)**

341, 616 N.E.2d 294 (1993). An adequate offer of proof is made if counsel reveals, with particularity, the substance of the witness's anticipated answer. *People v. Andrews,* 146 Ill.2d 413, 421, 167 Ill.Dec. 996, 588 N.E.2d 1126 (1992). The offer serves no purpose if it does not establish to both the trial and reviewing courts the admissibility of the testimony. *Andrews,* 146 Ill.2d at 421, 167 Ill.Dec. 996, 588 N.E.2d 1126.

The record here shows that defense counsel was less than forthcoming when asked by the trial court to state the purpose for which Dr. Greenberg would be called:

"THE COURT: Let's stop the ultimate speculation. What are they going to be testifying to?

DEFENSE COUNSEL: They are going to be testifying to the tests they * * * conducted on the defendant.

THE COURT: For what purpose?

DEFENSE COUNSEL: For what purpose? All right, for his mental posture while in custody.

THE COURT: Which would be a state of mind?

DEFENSE COUNSEL: Could be a state of mind, Judge.

THE COURT: That is not going to be admissible. So what else?

DEFENSE COUNSEL: It could be.

THE COURT: It's not going to be admissible-state of mind.

DEFENSE COUNSEL: It could be with regard to his personality, Judge.

THE COURT: Why-are you saying that he was insane at the time?

DEFENSE COUNSEL: No.

THE COURT: Well, I'm just trying to see where you are going.

DEFENSE COUNSEL: Judge, as an expert this man is allowed to testify on any issue that will aid the jury in coming to their conclusion.

**\*\*97 \*\*\*617** THE COURT: Only if it's relevant. It has to be relevant here.

DEFENSE COUNSEL: Well, I will have an opportunity to show the relevance of his testimony.

THE COURT: I'll tell you what, I'm going to ask you right now to make an offer of proof as to what they will testify to.

DEFENSE COUNSEL: All right, Dr. Greenberg is going to testify **\*605** in his capacity as a psychiatrist as to the tests he conducted on the defendant-psychological-or had conducted on the defendant. Okay, the results of those tests-he's going to testify as to the propensity of a child of tender years to give accurate recollection of an event. He's going to testify as to articles in existence that bear on the credibility of a child of tender years recalling events.

THE COURT: So that would be in the nature of rebuttal.

DEFENSE COUNSEL: Of course.

THE COURT: So they are only rebuttal witnesses?

DEFENSE COUNSEL: They may be, Judge, yes. You know when you list witnesses you have to list them for any purpose.

THE COURT: I understand but I'm just trying to get a handle on what the state is seeking to exclude, and some of which may be excludable and some of which may not. Do you want to comment on that Ms. State's Attorney.

PROSECUTOR: Well, Judge, so I'm assuming based on counsel's response to the Court, first of all he's said that they will talk about the propensity. Now is that with respect to the defendant? Because in the reports, Judge, that the doctors prepared, they basically state unequivocally that this defendant could not have committed the crime because he's not a pedophile. Now, obviously, Judge, that is the ultimate issue of fact that the jury is being asked to determine.

THE COURT: They are not going to be able to testify to-any ultimate issues.

DEFENSE COUNSEL: I understand that, Judge. But you know, Judge, I have no idea what evidence the state is going to bring in or who they're going to call, so I have to be ready to rebut any and all of it. And the state coming in and saying well, he can't call this witness, he can't call that witness because it may prejudice their case, then

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

793 N.E.2d 91
341 Ill.App.3d 599, 793 N.E.2d 91, 275 Ill.Dec. 611
(Cite as: 341 Ill.App.3d 599, 793 N.E.2d 91)

they shouldn't call any witnesses because it's going to prejudice mine.

THE COURT: No, there are certain things that they can't testify to. Obviously ultimate issues, which you know. * * *

DEFENSE COUNSEL: Understood, Judge. * * *

THE COURT: I'm trying to get a handle on-I'm not sure you are talking about the same things they excluded-I'm not sure counsel really knows what he wants to call them for as of yet or if he's even going to call them because he is saying they might just be rebuttal witnesses.

Let's exclude those things that are excludable. They can't be called for ultimate issues, they can't be called for anything that would give a conclusion of something that wasn't alleged as an affirmative defense so they couldn't testify to his sanity or insanity at the time.

*606 DEFENSE COUNSEL: Granted."

The trial court granted the State's motion in part and said that it would be revisited. The State later objected to defendant's attempt to allude to Dr. Greenberg during trial:

**98 ***618 "PROSECUTOR: Judge, again we're getting into the motion in limine, which was granted last week, regarding expert testimony. Again, there has been no affirmative defense filed by counsel and for him to ask in front of the jury after the motion in limine whether or not he saw a treating physician is totally improper.

THE COURT: He didn't ask him if he saw him. He just asked if he knew him and I presume he is going to get to that point.

PROSECUTOR: He is playing games. He knows exactly what he is doing which is why we filed the motion in limine. Obviously once it's out there, the Jury has heard it.

THE COURT: Offer of proof as to where you are going with this testimony.

DEFENSE COUNSEL: Okay. I'm going to offer that he did, in fact, see Arthur Himes, who is a psychologist, that he went there for the purpose of, A, getting back into his house and for treatment to

find out what was going on with him at this time, okay? He will not say, you know, any conclusions that were done. He would just say he went to this man and for these problems, boom, boom, boom.

PROSECUTOR: And that is not relevant at trial, Judge. Maybe for sentencing purposes.

* * *

THE COURT: That's totally irrelevant to this trial. That's totally irrelevant to this.
* * *

What's the other point?

DEFENSE COUNSEL: He was treated for depression and he was treated for-you know, it's in Greenberg's report.

THE COURT: Who is Greenberg?

DEFENSE COUNSEL: He is the treating psychiatrist that Himes referred [defendant] to.

PROSECUTOR: It was one of the doctors that was the subject of my motion in limine, Judge.

THE COURT: I just don't see the relevancy of it to-that the fact that he was depressed or treated for depression other than the prejudicial effect it would have on the Jury. I'm not going to allow you to go into it, not with him. I don't know what your doctors are going to testify to but not with this testimony. Okay."

The State objected again when defendant tried to call Dr. Greenberg:

"PROSECUTOR: Judge, I believe Dr. Greenberg is about to be called now. There has been a motion in limine as to his testimony. I *607 have the reports of Dr. Greenberg. Our objection to his testimony was basically that he's going to be testifying to a lack of propensity on the part of the defendant to commit a crime and the involuntariness of his confession.

* * *

THE COURT: Did this doctor testify-just refresh my memory. Was there a question of understanding Miranda and did this doctor testify with

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

793 N.E.2d 91
341 Ill.App.3d 599, 793 N.E.2d 91, 275 Ill.Dec. 611
(Cite as: 341 Ill.App.3d 599, 793 N.E.2d 91)

regard to his ability to make knowing and voluntary statements?

PROSECUTOR: No. This doctor testified in a separate hearing to modify the defendant's bond and allow him to return to the home with his wife and two small children.

THE COURT: Well, that would have nothing to do with this. Let's get an offer of proof from counsel. Maybe this is premature.

**99 * * *

***619 DEFENSE COUNSEL: Judge, my offer of proof is that after the incident [defendant] went for-to a psychologist who referred him to Dr. Greenberg who is a psychiatrist. Doctor Greenberg has treated him. In order to treat him he ordered certain tests on him.

THE COURT: Did he do those tests?

DEFENSE COUNSEL: No. He had them done by an expert and returned to him, Okay?

THE COURT: So those tests are hearsay. Go ahead.

DEFENSE COUNSEL: And he used those tests in his treatment of him and that's what he's going to testify.

THE COURT: Treatment for what?

DEFENSE COUNSEL: Treatment for depression, treatment for-

THE COURT: You can't get into that. We've already made that determination. We're not going to get into that.

DEFENSE COUNSEL: Okay.

* * *

DEFENSE COUNSEL: Because of this incident, okay, my guy sought help immediately not for the things he did but because of the things that happened to him in the police station.

THE COURT: That is totally inflaming the jury and it would not be relevant or admissible in this case. * * * [Y]ou know that. It's not admissible. I'm not going to allow it for those purposes. Okay.

Anything else you want to put him in for?

DEFENSE COUNSEL: Yeah, but I'm not going to mention those." (Emphasis added.)

These excerpts reveal the trial court's repeated efforts to uncover the intended nature and purpose of Greenberg's testimony. The issue was revisited several times, with the trial court asking counsel for an offer of proof each time. Defense counsel instead gave ambiguous *608 answers about the proposed testimony of his experts and never claimed that the testimony would support a defense of coercion. Counsel told the court that Dr. Greenberg would be used as a rebuttal witness to challenge the accuracy of the child's testimony. Counsel also said Dr. Greenberg would testify about defendant's depression and the results of the psychological tests ordered. The trial court accepted the possibility of Dr. Greenberg as a rebuttal witness, depending on the State's evidence. But the trial court repeatedly told counsel that defendant's state of mind was not at issue and that evidence of it would not be admitted.

Counsel never made an adequate offer of proof to preserve the argument he now makes: that Dr. Greenberg's testimony was relevant and admissible to show that defendant's confession was not voluntary. When given a chance to make this alternate argument, defense counsel refused. But in his brief on appeal, defendant argues with specificity and reference to Greenberg's report, that Greenberg would have testified that defendant is easily intimidated and that intimidation caused him to confess to a crime he did not commit.

An offer of proof must be specific. *Peeples*, 155 Ill.2d at 457, 186 Ill.Dec. 341, 616 N.E.2d 294. The lack of an offer of proof waives the issue. *Andrews*, 146 Ill.2d at 421, 167 Ill.Dec. 996, 588 N.E.2d 1126. Waiver aside, defendant's argument is unpersuasive.

[5][6] Even though the trial court here denied defendant's motion to suppress his confession, finding it was made voluntarily, defendant still had the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

right to present evidence relevant to the credibility or weight of the confession. **100***620 *People v. Gilliam,* 172 Ill.2d 484, 512-13, 218 Ill.Dec. 884, 670 N.E.2d 606 (1996). But the admission of evidence remains within the discretion of the trial court and will not be reversed absent an abuse of discretion. *Gilliam,* 172 Ill.2d at 513, 218 Ill.Dec. 884, 670 N.E.2d 606. Expert testimony is proper where such testimony is needed to explain matters beyond the common knowledge of ordinary persons and helps the fact finder in reaching a conclusion. *Gilliam,* 172 Ill.2d at 513, 218 Ill.Dec. 884, 670 N.E.2d 606.

[7] Dr. Greenberg's testimony that defendant was easily coerced and susceptible to intimidation is not beyond the understanding of ordinary citizens, nor is the concept difficult to understand. *Gilliam,* 172 Ill.2d at 513, 218 Ill.Dec. 884, 670 N.E.2d 606. The jury could have reached the same conclusion as Dr. Greenberg based on defendant's testimony. *Gilliam,* 172 Ill.2d at 513, 218 Ill.Dec. 884, 670 N.E.2d 606.

Defendant's reliance on *United States v. Hall,* 93 F.3d 1337 (7th Cir.1996), is inapposite. *Hall*'s acceptance of expert testimony on the defendant's alleged false confession was based on a diagnosed personality disorder. *Hall,* 93 F.3d at 1341. The court held that expert testimony on this issue was relevant because "juries are unlikely to know that social scientists and psychologists have identified a personality*609 disorder that will cause individuals to make false confessions." *Hall,* 93 F.3d at 1345. Defendant here was not diagnosed with a personality disorder. Dr. Greenberg merely opined, based on the personal history defendant related to him, that defendant was easily coerced. Dr. Greenberg's testimony was properly barred. Our conclusion makes it unnecessary to consider defendant's other two claims of error relating to exclusion of the expert testimony.

Defendant next argues that the State's repeated insinuations that defendant kept child pornography on his computer were designed to inflame the pas-

sions of the jury and denied him the right to a fair trial. Defendant claims that the insinuation suggested that he was a pedophile and was guilty of the charged offense.

Defendant testified on direct examination that he was viewing a pornographic slide show on his computer when his niece came into the office. Defendant testified that he immediately turned off the slide show. Defendant denied he sexually abused his niece. He admitted telling her not to tell anyone about what she had seen on the slide show. The State asked the following questions on cross-examination:

"PROSECUTOR: Were there any children in this pornographic slide show you were watching?
DEFENDANT: No.
PROSECUTOR: You had no pornographic slides of children performing sexual acts?
DEFENDANT: No.
PROSECUTOR: And this pornographic slide show that was downloaded from your hard drive?
DEFENDANT: Downloaded from the Internet.

* * *

PROSECUTOR: That slide show and those pornographic slides were in your computer in the hard drive that day?
DEFENDANT: Correct.
PROSECUTOR: And they're still there, aren't they?
DEFENDANT: I wouldn't know. I don't have my computers.
PROSECUTOR: Well, they were in the computer that Detective Licari took **101 ***621 from your home after you signed a consent to search, correct?
DEFENDANT: Right. I'm sure I was-had deleted that material.

* * *

PROSECUTOR: So are you saying, Sir, that you had no pornographic slides of children in your

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

793 N.E.2d 91
341 Ill.App.3d 599, 793 N.E.2d 91, 275 Ill.Dec. 611
(Cite as: 341 Ill.App.3d 599, 793 N.E.2d 91)

Page 12

hard drive?
　DEFENDANT: No.
　DEFENSE COUNSEL: Judge, I'm going to object to this line of questioning. It's beyond the scope of any direct content.
　THE COURT: I'll sustain it as to that question.

\* \* \*

　**\*610** PROSECUTOR: And you indicated earlier that the slide show you were viewing only pictured adults?
　DEFENDANT: Correct.
　PROSECUTOR: Did it picture any—did it picture any adolescents?
　DEFENDANT: No.
　PROSECUTOR: Did it picture any children?
　DEFENDANT: No.
　PROSECUTOR: Did you have any pornographic slide show picturing children?
　DEFENDANT: No.
　DEFENSE COUNSEL: Judge, I'm going to object.
　THE COURT: I'll sustain the objection unless you want the answer of 'no' to stand. Do you want to withdraw the objection, or do you want me to strike it?
　DEFENSE COUNSEL: I think it should be stricken.
　THE COURT: Strike the question, strike the answer, disregard it."

　Defendant claims that this exchange implies that, through rebuttal evidence, the State was going to impeach defendant's testimony that he did not keep child pornography on his computer. This impeachment would not only establish possession of child pornography, an uncharged offense, but also insinuate that defendant had a sexual interest in minors and that he was guilty because of this deviant sexual interest. Defendant concludes that he was prejudiced by the State's failure to perfect its impeachment. We disagree.

　[8] Defendant overlooks that his defense coun-

sel's objections to questions relating to child pornography were sustained by the trial court. The jury was instructed to disregard questions where the objections had been sustained or answers stricken. The claimed error was cured by the trial court's ruling and later instruction to the jury. People v. Hall, 194 Ill.2d 305, 345-46, 252 Ill.Dec. 653, 743 N.E.2d 521 (2001) (error cured when trial court sustains objection and instructs jury to disregard).

　[9] Defendant also overlooks that his attorney's objection at trial was that the question was beyond the scope of direct examination. Counsel did not object on the ground argued here-that the question raised prejudicial insinuations. A specific objection to the admission of evidence waives all grounds not specified. People v. Moore, 171 Ill.2d 74, 114, 215 Ill.Dec. 75, 662 N.E.2d 1215 (1996). Waiver aside, defendant's reliance on People v. Nuccio, 43 Ill.2d 375, 253 N.E.2d 353 (1969), People v. Davidson, 235 Ill.App.3d 605, 176 Ill.Dec. 448, 601 N.E.2d 1146 (1992), and People v. Robinson, 189 Ill.App.3d 323, 136 Ill.Dec. 744, 545 N.E.2d 268 (1989), is misplaced.

　Nuccio is inapposite. In Nuccio, the defendant was a police officer **\*611** convicted of murder. A self-defense theory was challenged**\*\*102 \*\*\*622** on cross-examination by the State's insinuations that the defendant and his fellow officers engaged in misconduct. Nuccio, 43 Ill.2d at 381, 253 N.E.2d 353. The implied accusations of misconduct were denied by all the police officers who testified on the defendant's behalf. Nuccio, 43 Ill.2d at 384-92, 253 N.E.2d 353. On appeal to our supreme court, the defendant argued that the insinuations, unsupported by rebuttal evidence, denied him his right to a fair trial. Nuccio, 43 Ill.2d at 381, 253 N.E.2d 353. The court agreed and rejected the State's waiver argument:

　"But there are, it seems to us, limits to the immunity to improper and prejudicial insinuations which judges are presumed to possess. Stripped of the haze created by the innuendoes, the shooting here was either done by an officer who was the tar-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

793 N.E.2d 91
341 Ill.App.3d 599, 793 N.E.2d 91, 275 Ill.Dec. 611
(Cite as: 341 Ill.App.3d 599, 793 N.E.2d 91)

Page 13

get of a knife being thrown at him by decedent * * * or it was the wanton killing testified to by the State's witnesses. Where, as here, the guilt of the accused is not manifest, but is dependent upon the degree of credibility accorded by the trier of fact to his testimony and that of the witnesses who testify on his behalf, and there appear in the record substantial numbers of unsupported insinuations which, if considered, could have seriously impeached the credibility of the defendant and his witnesses, and there is no indication of the court's awareness of this impropriety even though it is brought to his attention, it is our opinion that justice and fundamental fairness demand that the defendant be afforded a new trial free from such prejudicial misconduct." *Nuccio,* 43 Ill.2d at 396, 253 N.E.2d 353.

[10] Unlike *Nuccio,* evidence of defendant's guilt here is manifest and does not turn on the credibility of witnesses. Defendant twice confessed to the predatory criminal sexual assault charge. There is no prejudicial misconduct here that requires a new trial.

In *Davidson,* we found that the prosecutor implied that the defendant committed crimes other than those for which he was on trial. *Davidson,* 235 Ill.App.3d at 611, 176 Ill.Dec. 448, 601 N.E.2d 1146. But we noted that this prosecutorial error standing alone did not warrant reversal. Instead, it was the combined effect of all the instances of prosecutorial misconduct in the case that required a new trial. *Davidson,* 235 Ill.App.3d at 613, 176 Ill.Dec. 448, 601 N.E.2d 1146.

Like *Davidson,* a new trial was required in *Robinson* where the combined effect of a series of errors denied the defendant a fair trial. We found that the trial court first erred in admitting evidence about an unrelated collateral threat the defendant made. *Robinson,* 189 Ill.App.3d at 332, 136 Ill.Dec. 744, 545 N.E.2d 268. The error was compounded by using the inadmissible evidence to establish the defendant's state of mind for a murder that happened more than five hours after the collateral

threat was made. *Robinson,* 189 Ill.App.3d at 332, 136 Ill.Dec. 744, 545 N.E.2d 268. The State capitalized on these errors during closing argument. *Robinson,* 189 Ill.App.3d at 334, 136 Ill.Dec. 744, 545 N.E.2d 268. We *612 next found that the State improperly insinuated that a witness had identified the defendant's voice as the victim's attacker when there was no evidence that the witness had made such an identification. *Robinson,* 189 Ill.App.3d at 338, 136 Ill.Dec. 744, 545 N.E.2d 268. The State compounded the error by relying on the voice identification as actual evidence during closing argument. *Robinson,* 189 Ill.App.3d at 338-39, 136 Ill.Dec. 744, 545 N.E.2d 268. The State also erred when it implied, during cross-examination of a defense witness, that the defense attorney had destroyed a set of notes of **103 ***623 witness interviews. *Robinson,* 189 Ill.App.3d at 346, 136 Ill.Dec. 744, 545 N.E.2d 268. We found this conduct was designed to disparage the defense attorney in front of the jury. *Robinson,* 189 Ill.App.3d at 347, 136 Ill.Dec. 744, 545 N.E.2d 268. We also found that the trial court erred in instructing the jury. *Robinson,* 189 Ill.App.3d at 351, 136 Ill.Dec. 744, 545 N.E.2d 268. Unlike *Robinson* and *Davidson,* there is no cascade of errors here, the combined effect of which requires a new trial. The questions did not capitalize on the erroneous admission of evidence nor were they analogous to the prosecutorial misconduct present in *Robinson* and *Davidson.*

Defendant next claims that the State made improper remarks during closing argument. Defendant argues that these remarks: (1) shifted the burden of proof; (2) misstated facts in evidence; and (3) improperly asked the jurors to put themselves in the victim's place.

Defendant failed to object to these remarks at trial and include the issues in his motion for a new trial. *People v. Enoch,* 122 Ill.2d 176, 186, 119 Ill.Dec. 265, 522 N.E.2d 1124 (1988). Plain error does not apply.

[11][12] The plain error rule is invoked where

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

793 N.E.2d 91                                                                                              Page 14
341 Ill.App.3d 599, 793 N.E.2d 91, 275 Ill.Dec. 611
(Cite as: 341 Ill.App.3d 599, 793 N.E.2d 91)

the evidence is closely balanced or where the error is of such magnitude that there is a substantial risk that the defendant was denied a fair trial. *People v. Nielson*, 187 Ill.2d 271, 297, 240 Ill.Dec. 650, 718 N.E.2d 131 (1999). There can be no plain error absent reversible error. *People v. Williams*, 193 Ill.2d 306, 349, 250 Ill.Dec. 692, 739 N.E.2d 455 (2000).

[13][14][15][16] Comments made in closing argument are considered in context in their entirety. *People v. Kliner*, 185 Ill.2d 81, 154, 235 Ill.Dec. 667, 705 N.E.2d 850 (1998). Prosecutors are given wide latitude in making closing arguments and may argue facts and make reasonable inferences drawn from the evidence. *People v. Emerson*, 189 Ill.2d 436, 488, 245 Ill.Dec. 49, 727 N.E.2d 302 (2000); *Kliner*, 185 Ill.2d at 151, 235 Ill.Dec. 667, 705 N.E.2d 850. A jury verdict will be reversed only when improper comments cause substantial prejudice to a defendant. *Emerson*, 189 Ill.2d at 488, 245 Ill.Dec. 49, 727 N.E.2d 302. A trial court is in the best position to determine whether improper comments caused prejudice. We will not reverse a trial court's determination absent an abuse of discretion. *Emerson*, 189 Ill.2d at 488, 245 Ill.Dec. 49, 727 N.E.2d 302.

Defendant first claims that the State improperly shifted the burden of proof when the prosecutor commented on defendant's failure to call *613 certain witnesses. Defendant overlooks that the prosecutor's comments were invited by his attorney's remarks. Defense counsel argued:

"DEFENSE COUNSEL: I think the fact that the parents returned this child to [defendant's] home is the most significant evidence that you have that at the time the parents believed that this incident was over. Talk about evidence not there. Counsel argues the mother was in denial. Where is the mother? There's no denial evidence on the mother. The mother brought the child there. But then with the wheels turning, somebody talked to somebody, she comes back and gets the children and it's downhill from there.

* * *

DEFENSE COUNSEL: Have we heard from Dr. Chin? No. Have we heard from her mother? No. Have we heard of any treatment? No.

**104 * * *

***624 And they bring her back. Ladies and gentlemen, they bring her back. Does that sound logical? I submit to you that rather than denial as counsel says, they brought her back because they knew this did not happen. But then * * * they start getting contacted * * *.

All of a sudden, outside influences are there. And they come back and get the kids, trying to comply with whatever rules and what everybody is saying."

The prosecutor responded:

"You also won't get an instruction saying you need physical evidence, you need harm. Look for it. It won't be there because we don't have to show that. Counsel is telling you, 'Well, they didn't bring [the mother in]. And they didn't bring in Dr. Chin.' Well, you know what, you won't get an instruction saying the State has to parade in here every witness. Counsel has the same subpoena powers as the State.

He makes a big deal about [the mother] taking [the child] back there the next day. Well, you heard Roy Hok. She took her there for a few hours. She went to work. This is her child's care taker, her sister. Working mothers face this dilemma every day. You just can't not go to work. She comes home. [The mother] is scheduled to go to work the next morning. What? Who's going to keep her? She goes to work. And her boss-I mean, 'Are you nuts, go get your children. Don't worry about work today.' And you heard Roy, she went back and she got them.

Stay focused on the fact. The fact she took her there the other day just says she's a * * * working mother and she had a big dilemma. But that is not your focus.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

793 N.E.2d 91
341 Ill.App.3d 599, 793 N.E.2d 91, 275 Ill.Dec. 611
**(Cite as: 341 Ill.App.3d 599, 793 N.E.2d 91)**

Page 15

Your focus is the elements of the crime * * *."

[17] These remarks did not shift the burden of proof onto defendant to produce a witness. The comments instead redirected the jury's attention*614 to the elements of the offense, which the State argued it had proven beyond a reasonable doubt. Defendant's reliance on *People v. Armstead,* 322 Ill.App.3d 1, 254 Ill.Dec. 973, 748 N.E.2d 691 (2001), is misplaced.

In *Armstead,* the prosecutor commented on the defendant's failure to produce alibi witnesses. We found the comment improper because it suggested that the defendant had a burden to produce witnesses to support an alibi defense, which burden is contrary to law. *Armstead,* 322 Ill.App.3d at 16, 254 Ill.Dec. 973, 748 N.E.2d 691. These are not the facts here.

Defense counsel's comments here suggested that the State's failure to call certain witnesses prevented it from proving every element of the offense. The State's response corrected this impression and told the jury that the State was only required to call those witnesses that satisfied its burden. Unlike *Armstead,* the State's remarks here did not imply that defendant was required to prove anything. The remarks here were clearly invited by defense counsel. *Kliner,* 185 Ill.2d at 154, 235 Ill.Dec. 667, 705 N.E.2d 850.

Defendant also argues that the State's remarks about Emily and her reason for picking up her daughter after only half a day improperly relied on hearsay evidence. We disagree.

[18][19] Defendant complains that hearsay evidence about what Emily was told that caused her to leave work and pick up her daughter was elicited during Roy's testimony. Defendant overlooks that his attorney elicited this evidence on Roy's cross-examination and is now barred from complaining that the State referred to the **105 ***625 evidence in closing argument. *People v. Payne,* 98 Ill.2d 45, 50, 74 Ill.Dec. 542, 456 N.E.2d 44

. Since the remark was based on evidence in the record, comment on it was proper. *Emerson,* 189 Ill.2d at 487, 245 Ill.Dec. 49, 727 N.E.2d 302.

[20][21][22] Defendant next argues that the State improperly told the jury to place itself in the shoes of the victim in this case. We agree with defendant that these comments were improper because the State is not free to "invite the jurors to enter into some sort of empathetic identification with" the victim. *People v. Spreitzer,* 123 Ill.2d 1, 38, 121 Ill.Dec. 224, 525 N.E.2d 30 (1988). Although improper, reversal is not warranted because the remarks were not so prejudicial as to deprive defendant of a fair trial. *Spreitzer,* 123 Ill.2d at 38, 121 Ill.Dec. 224, 525 N.E.2d 30; *People v. Billups,* 318 Ill.App.3d 948, 960, 252 Ill.Dec. 397, 742 N.E.2d 1261 (2001). The case on which defendant relies also declined to reverse a conviction based on a similar remark. In *People v. Fortson,* 110 Ill.App.2d 206, 249 N.E.2d 260 (1969), we found improper a State comment telling the jury to identify with the victim. We affirmed the conviction despite the error because of a lack of prejudice to the defendant. *Fortson,* 110 Ill.App.2d at 216, 249 N.E.2d 260. The evidence of guilt here was overwhelming. The State's comments, although improper, did not cause substantial prejudice to defendant. *Emerson,* 189 Ill.2d at 488, 245 Ill.Dec. 49, 727 N.E.2d 302. But we do add our voice to the *615 appellate concern about the tactics and oratory of prosecutors in recent years. See *People v. Blue,* 189 Ill.2d 99, 126-34, 244 Ill.Dec. 32, 724 N.E.2d 920 (2000). We know the State's Attorney of Cook County has continuing legal education programs aimed at reducing prosecutorial error. But we are often left with the impression that prosecutors are filching trial oratory techniques from television melodramas. The solution may be for prosecutors to spend less time imitating television lawyers and more time studying transcripts of model prosecutors from the State's Attorney's archives.

[23] Defendant last argues that the cumulative effect of the claimed errors warrants a new trial.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

793 N.E.2d 91
341 Ill.App.3d 599, 793 N.E.2d 91, 275 Ill.Dec. 611
**(Cite as: 341 Ill.App.3d 599, 793 N.E.2d 91)**

Page 16

We disagree. "The whole can be no greater than the sum of its parts * * *." *People v. Albanese,* 102 Ill.2d 54, 82-83, 79 Ill.Dec. 608, 464 N.E.2d 206 (1984). Generally, there is no cumulative error where none of the alleged errors amounts to reversible error. *People v. Doyle,* 328 Ill.App.3d 1, 15, 262 Ill.Dec. 259, 765 N.E.2d 85 (2002).

The judgment of the trial court is affirmed.

Affirmed.

BURKE and GARCIA, JJ., concur.
Ill.App. 1 Dist.,2003.
People v. Wood
341 Ill.App.3d 599, 793 N.E.2d 91, 275 Ill.Dec. 611

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

803 N.E.2d 499 (Table)
205 Ill.2d 642, 803 N.E.2d 499 (Table), 281 Ill.Dec. 95
**(Cite as: 205 Ill.2d 642, 803 N.E.2d 499 (Table))**

Page 1

**H**
People v. Wood
Ill. 2003.
(The decision of the Court is referenced in the
North Eastern Reporter in a table captioned
"Supreme Court of Illinois Dispositions of Petitions
for Appeal".)
Supreme Court of Illinois
People
v.
**David Wood**
NO. 96747

SEPTEMBER TERM, 2003
October 07, 2003

Lower Court: 341 Ill.App.3d 599, 275 Ill.Dec. 611,
793 N.E.2d 91

Disposition: Denied.

Ill. 2003.
People v. Wood
205 Ill.2d 642, 803 N.E.2d 499 (Table), 281
Ill.Dec. 95

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**EXHIBIT B**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 001

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 99CR0274801

DAVID       WOOD

          CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

   I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
with the Clerk of the Circuit Court.

Charging the above named defendant with:

   720-5/12-14.1(A)(1)              F       PREDATORY CRIMINAL SEXUAL ASLT
The following disposition(s) was/were rendered before the Honorable Judge(s):


01/26/99 IND/INFO-CLK OFFICE-PRES JUDGE          02/01/99 1701
         99CR0274801 ID# CR100080386
02/11/99 DEFENDANT ARRAIGNED                C001 02/11/99
         KAVITT, RICHARD A.
02/11/99 PLEA OF NOT GUILTY                 CALL
         KAVITT, RICHARD A.
02/11/99 ADMONISH AS TO TRIAL IN ABSENT
         KAVITT, RICHARD A.
02/11/99 CONTINUANCE BY AGREEMENT                02/23/99 0380
         KAVITT, RICHARD A.
02/01/99 TRANSFERRED TO SUBURBAN DIST            02/11/99 0378
         FITZGERALD, THOMAS R.
02/23/99 MOTION DEFT - CONTINUANCE - MD          03/09/99 0380
         KAVITT, RICHARD A.
03/04/99 MOTION DEFT - CONTINUANCE - MD          03/09/99 0380
         KAVITT, RICHARD A.
03/09/99 CONTINUANCE BY AGREEMENT                04/01/99 0380
         KAVITT, RICHARD A.
04/01/99 CONTINUANCE BY AGREEMENT                05/12/99 0380
         KAVITT, RICHARD A.
05/12/99 CONTINUANCE BY AGREEMENT                06/10/99 0380
         SCOTILLO JOHN J.
06/10/99 CONTINUANCE BY AGREEMENT                08/03/99 0380
         KAVITT, RICHARD A.
08/03/99 CONTINUANCE BY AGREEMENT                09/02/99 0380
         KAVITT, RICHARD A.
09/02/99 CONTINUANCE BY AGREEMENT                10/04/99 0380
         KAVITT, RICHARD A.
09/02/99 CONTINUANCE BY AGREEMENT                10/04/99 0380
         KAVITT, RICHARD A.


EXHIBIT C

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 002

PEOPLE OF THE STATE OF ILLINOIS

                    VS              NUMBER 99CR0274801

DAVID        WOOD

### CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

   I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION

| | | |
|---|---|---|
| 10/04/99 CONTINUANCE BY AGREEMENT | 10/12/99 | 0380 |
| KAVITT, RICHARD A. | | |
| 10/12/99 CONTINUANCE BY AGREEMENT | 11/08/99 | 0380 |
| KAVITT, RICHARD A. | | |
| 11/08/99 CONTINUANCE BY AGREEMENT | 12/17/99 | 0380 |
| KAVITT, RICHARD A. | | |
| 12/17/99 CONTINUANCE BY AGREEMENT | 01/20/00 | 0380 |
| KAVITT, RICHARD A. | | |
| 01/20/00 CONTINUANCE BY AGREEMENT | 03/02/00 | 0380 |
| KAVITT, RICHARD A. | | |
| 03/02/00 CONTINUANCE BY AGREEMENT | 03/24/00 | 0380 |
| BIERMAN, JANICE L. | | |
| 03/24/00 CONTINUANCE BY AGREEMENT | 04/18/00 | 0380 |
| BIERMAN, JANICE L. | | |
| 04/18/00 CONTINUANCE BY AGREEMENT | 06/02/00 | 0380 |
| BIERMAN, JANICE L. | | |
| 06/02/00 CONTINUANCE BY AGREEMENT | 06/15/00 | 0380 |
| MOT. TO SURPRESS STATMTS, DENIED | | |
| BIERMAN, JANICE L. | | |
| 06/15/00 CONTINUANCE BY AGREEMENT | 07/11/00 | 0380 |
| BIERMAN, JANICE L. | | |
| 07/11/00 CONTINUANCE BY AGREEMENT | 08/31/00 | 0380 |
| BIERMAN, JANICE L. | | |
| 08/31/00 CONTINUANCE BY AGREEMENT | 09/21/00 | 0380 |
| BIERMAN, JANICE L. | | |
| 09/20/00 CONTINUANCE BY AGREEMENT | 10/02/00 | 0380 |
| BIERMAN, JANICE L. | | |
| 09/21/00 PREVIOUS ORDER TO STAND | 00/00/00 | |
| URSO, JOSEPH J. | | |
| 09/21/00 CONTINUANCE BY ORDER OF COURT | 10/02/00 | 0380 |
| URSO, JOSEPH J. | | |
| 10/02/00 CONTINUANCE BY AGREEMENT | 10/17/00 | 0380 |
| BIERMAN, JANICE L. | | |
| 10/17/00 CONTINUANCE BY AGREEMENT | 11/17/00 | 0380 |
| BIERMAN, JANICE L. | | |
| 11/17/00 PREVIOUS ORDER TO STAND | 11/27/00 | 0380 |
| BIERMAN, JANICE L. | | |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 003

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 99CR0274801

    DAVID        WOOD

            CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
11/22/00 CASE ADVANCED                          00/00/00
    URSO, JOSEPH J.
11/22/00 MOTION DEFT - CONTINUANCE - MD         12/12/00 0380
    URSO, JOSEPH J.
12/12/00 DEFENDANT ON BOND                      00/00/00
    BIERMAN, JANICE L.
12/12/00 CONTINUANCE BY AGREEMENT               01/29/01 0380
    BIERMAN, JANICE L.
01/17/01 CASE ADVANCED                          00/00/00
    BIERMAN, JANICE L.
01/17/01 CONTINUANCE BY AGREEMENT               02/27/01 0380
    BIERMAN, JANICE L.
01/17/01 SPECIAL ORDER                          01/29/01 0380      110
    DEFENDANTS MOTION TO CONTINUE TRIAL.
02/27/01 CONTINUANCE BY AGREEMENT               03/30/01 0380
    URSO, JOSEPH J.
03/09/01 CASE ADVANCED                          00/00/00
    BIERMAN, JANICE L.
03/09/01 ENTERED AND CONTINUED                  00/00/00
    BIERMAN, JANICE L.
03/09/01 CONTINUANCE BY ORDER OF COURT          03/15/01 0380
    BIERMAN, JANICE L.
03/15/01 PERMISSION TO LEAVE JURIS              00/00/00
    BIERMAN, JANICE L.
03/15/01 CONTINUANCE BY ORDER OF COURT          04/30/01 0380
    BIERMAN, JANICE L.
04/30/01 MOTION STATE - CONTINUANCE -MS         06/04/01 0380
    BIERMAN, JANICE L.
05/23/01 CASE ADVANCED                          00/00/00
    BIERMAN, JANICE L.
05/23/01 MOTION STATE - CONTINUANCE -MS         06/25/01 0380
    BIERMAN, JANICE L.
05/23/01 DEF DEMAND FOR TRIAL                   00/00/00
    BIERMAN, JANICE L.
06/21/01 SPECIAL ORDER                          00/00/00
    MOTION TO EXCLUDE DENIED IN PART
    BIERMAN, JANICE L.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 004

PEOPLE OF THE STATE OF ILLINOIS

                        VS              NUMBER 99CR0274801

    DAVID        WOOD

            CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
06/25/01 TRIAL COMENCED AND CONTINUED              06/26/01 0380
        BIERMAN, JANICE L.
06/26/01 TRIAL COMENCED AND CONTINUED              06/27/01 0380
        BIERMAN, JANICE L.
06/27/01 CONTINUANCE BY ORDER OF COURT             06/28/01 0380
        BIERMAN, JANICE L.
06/28/01 TRIAL COMENCED AND CONTINUED              06/29/01 0380
        BIERMAN, JANICE L.
06/29/01 PLEA OF NOT GUILTY                CALL
        BOTH SIDES TENDERED PSI HOC 07/26/01
        BIERMAN, JANICE L.
07/26/01 MOTION DEFENDANT - NEW TRIAL              00/00/00 F        D
        SCOTILLO JOHN J.
07/26/01 CONTINUANCE BY AGREEMENT                  08/23/01 0380
        SCOTILLO JOHN J.
07/26/01 DEFENDANT IN CUSTODY                      00/00/00
        SCOTILLO JOHN J.
07/26/01 PRISONER DATA SHEET TO ISSUE              00/00/00
        SCOTILLO JOHN J.
06/29/01 JGMT ON FINDING/VERDICT/PLEA              00/00/00 F
        BIERMAN, JANICE L.
06/29/01 VERDICT OF GUILTY                CALL 00/00/00
        BIERMAN, JANICE L.
06/29/01 PRE-SENT INVEST. ORD, CONTD TO            00/00/00
        BIERMAN, JANICE L.
06/29/01 CONTINUANCE BY AGREEMENT                  07/26/01 0380
        BIERMAN, JANICE L.
07/24/01 SPECIAL ORDER                             00/00/00
        PSI TENDERED
        SCOTILLO JOHN J.
07/26/01 DEFENDANT IN CUSTODY                      00/00/00
        SCOTILLO JOHN J.
07/26/01 PRISONER DATA SHEET TO ISSUE              00/00/00
        SCOTILLO JOHN J.
07/26/01 CONTINUANCE BY AGREEMENT                  08/23/01 0380
        SCOTILLO JOHN J.
08/23/01 CONTINUANCE BY ORDER OF COURT             09/21/01 0380
        SCOTILLO JOHN J.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 005

PEOPLE OF THE STATE OF ILLINOIS

                    VS              NUMBER 99CR0274801

DAVID        WOOD

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

   I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
08/23/01 DEFENDANT IN CUSTODY                    00/00/00
     SCOTILLO JOHN J.
08/23/01 PRISONER DATA SHEET TO ISSUE            00/00/00
     SCOTILLO JOHN J.
09/21/01 DEF SENTENCED ILLINOIS DOC     C001 00/00/00
         10 YRS
     SCOTILLO JOHN J.
09/21/01 CREDIT DEFENDANT FOR TIME SERV          00/00/00
         84 DYS
     SCOTILLO JOHN J.
09/21/01 DEF ADVISED OF RIGHT TO APPEAL          00/00/00
     SCOTILLO JOHN J.
09/21/01 JURY WAIVED                             00/00/00
     SCOTILLO JOHN J.
09/21/01 FINDING OF GUILTY              C001 00/00/00
     SCOTILLO JOHN J.
09/21/01 PLEA OF GUILTY                 C001 00/00/00
     SCOTILLO JOHN J.
09/21/01 CBR DESIGNATED PROVIDER MONIES          00/00/00 3039
     BIERMAN, JANICE L.
10/26/01 NOTICE OF APPEAL FILED, TRNSFR          00/00/00
10/26/01 NOTICE OF NOTICE OF APP MAILED          00/00/00
10/26/01 HEARING DATE ASSIGNED                   10/26/01 0369
10/26/01 SPECIAL ORDER                           00/00/00
     ATTORNEY OF RECORD-RICHARD LINDEN
     URSO, JOSEPH J.
11/27/01 APPELLATE COURT NUMBER ASGND            00/00/00 01-3698
11/27/01 COMMON LAW RECORD PREPARED              00/00/00
11/30/01 REPORT OF PROCEEDINGS PREPARED          00/00/00
12/04/01 CLR RECD BY APP COUNSEL                 00/00/00
12/04/01 REPRT/PROCDS RECD BY APP ATTRY          00/00/00
02/27/02 SUPPL REPORT OF PRCD PREPARED           00/00/00
02/27/02 SUPPL REC RECD BY APPL COUNSEL          00/00/00
06/11/02 SPECIAL ORDER                           00/00/00
     ONE VOLUME OF EXHIBITS PREPARED FOR STATES ATT RNEY
07/23/02 SUPPL REPORT OF PRCD PREPARED           00/00/00
07/23/02 SUPPL REC RECD BY APPL COUNSEL          00/00/00

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 006

PEOPLE OF THE STATE OF ILLINOIS

                        VS                    NUMBER 99CR0274801

DAVID        WOOD

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

   I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
11/13/03 MANDATE FILED                        12/04/03 1701
12/04/03 REVIEW COURT AFFIRMANCE              00/00/00
         BIEBEL, PAUL JR.
04/26/04 SPECIAL ORDER                        00/00/00
         O/C TRANSFER TO JUDGE BIERMAN
         URSO, JOSEPH J.
04/26/04 TRANSFERRED                          04/28/04 0373
         URSO, JOSEPH J.
04/26/04 SPECIAL ORDER                        00/00/00
         (POST CONVICTION CASE TO FOLLOW JUDGE BIERMAN)
         URSO, JOSEPH J.
04/28/04 CONTINUANCE BY ORDER OF COURT        04/29/04 0374
         BIERMAN, JANICE L.
04/29/04 CONTINUANCE BY ORDER OF COURT        05/20/04 0374
         BIERMAN, JANICE L.
05/21/04 SPECIAL ORDER                        00/00/00
         HELD ON CALL FROM 05/20/2004 TO 05/21/2004----PETITION DISMISSED
         BIERMAN, JANICE L.
01/13/05 APPELLATE COURT NUMBER ASGND         00/00/00 04-3481
01/21/05 NOTICE OF APPEAL FILED, TRNSFR       00/00/00
01/21/05 NOTICE OF NOTICE OF APP MAILED       00/00/00
01/28/05 NOTICE OF APPEAL FILED, TRNSFR       00/00/00
01/28/05 ILL STATE APPELLATE DEF APPTD        00/00/00
01/31/05 O/C FREE REPT OF PROCD ORD N/C       00/00/00
01/31/05 REPORT OF PROCEEDINGS PREPARED       00/00/00
02/01/05 COMMON LAW RECORD PREPARED           00/00/00
02/01/05 CLR RECD BY APP COUNSEL              00/00/00
02/08/05 APPELLATE COURT NUMBER ASGND         00/00/00 04-3481
03/02/05 COMMON LAW RECORD PREPARED           00/00/00
04/07/05 SPECIAL ORDER                        00/00/00
         FOR ROP FOR AFFIDAVID 1 PAGE
04/07/05 REPORT OF PROCEEDINGS PREPARED       00/00/00
03/12/07 MANDATE FILED                        03/23/07 1701
03/23/07 SPECIAL ORDER                        00/00/00
         AFFIRMED/MITT CORRECTED
         KAZMIERSKI, JOSEPH G. JR.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 007

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 99CR0274801

DAVID          WOOD

          CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION



                    I hereby certify that the foregoing has
                    been entered of record on the above
                    captioned case.
                    Date 02/28/08

                              DOROTHY BROWN
          CLERK OF THE CIRCUIT COURT OF COOK COUNTY

**NOTICE**

The text of this order may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same.

FIRST DIVISION
September 5, 2006

No. 1-04-3481

## IN THE
### APPELLATE COURT OF ILLINOIS
### FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 99 CR 2748 |
| | ) | |
| DAVID WOOD, | ) | Honorable Janice L. Bierman, |
| Defendant-Appellant. | ) | Judge Presiding. |

## O R D E R

Defendant David Wood appeals from an order summarily dismissing his *pro se* petition for relief under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 *et seq.* (West 2004)). On appeal, defendant contends that: (1) the order dismissing his petition is void for failure to serve him with notice of the order, (2) his petition states the gist of a constitutional claim that his trial counsel was ineffective for preparing so inadequately that he was unable to lay a proper foundation for an expert's testimony, and (3) he is entitled to two additional days of sentence credit. We affirm the dismissal of the petition but order the mittimus corrected..

1-04-3481

Following a jury trial, defendant was convicted of predatory criminal sexual assault of a child and sentenced to 10 years' imprisonment. The following facts were established at trial. On January 5, 1999, defendant was masturbating as he watched on his computer a pornographic slide show depicting a woman performing oral sex on a man. The victim, defendant's three-year-old niece, entered the room. Defendant had her mimic the action on the computer. She later told her father that defendant let her "suck his doing-doing." After defendant was arrested, he first denied having sexual contact with the victim. But after being interviewed by Detective Joseph Licari and Assistant State's Attorney (ASA) Peter Karlovics, he changed his story and gave a written statement in which he confessed that he had the victim perform oral sex on him.

Defendant testified that he never had sexual contact with the victim. He explained that he was in his office watching a pornographic slide show when the victim entered. He denied that he was masturbating. After defendant noticed her, he turned off the slide show and told her not to tell anyone about what she had seen.

Defendant also denied the veracity of his confessions, claiming that he confessed only after he was intimidated and coerced by Detective Licari. In particular, Detective Licari called him a liar, screamed at him, and told him that if he did not confess, he would face the "maximum penalty." Defendant explained that he provided a consistent account to ASA Karlovics because Detective Licari warned him that if he changed his story, he "would be in double trouble, [and] that it was already too late for [him] to recant anything."

Before trial, the State filed a motion *in limine* to bar defendant's intended expert witnesses, Drs. Sheldon Greenberg and Patricia Porter, from testifying about defendant's state of mind and the voluntariness of defendant's confession. Defendant claimed Dr. Greenberg would

2

1-04-3481

have testified that defendant's confession was involuntary, reasoning that defendant's susceptibility to intimidation caused him to confess falsely. He also would have testified that defendant did not have the propensity to commit the crime with which he was charged. Drs. Greenberg and Porter had testified earlier at a hearing on defendant's motion to vacate a condition of his bond, and Dr. Greenberg had provided to the trial court a report (the report) summarizing his evaluation of defendant. The trial court granted the State's motion *in limine* but said that its ruling could be revisited at trial. At trial, defendant called Dr. Greenberg as a witness, and the State objected. The trial court granted the objection and barred Dr. Greenberg from testifying.

On direct appeal, defendant contended that the trial court improperly barred Dr. Greenberg from testifying about his susceptibility to coercion. We affirmed the judgment of the trial court. People v. Wood, 341 Ill. App. 3d 599 (2003). In particular, we found that the argument about Dr. Greenberg's testimony was waived as a result of defense counsel's inadequate offer of proof and that Dr. Greenberg's testimony was "not beyond the understanding of ordinary citizens" and was not a difficult concept to understand. Wood, 341 Ill. App. 3d at 604, 608.

In April 2004, defendant filed a *pro se* postconviction petition, alleging that his trial counsel was ineffective for failing to lay a proper foundation for Dr. Greenberg's testimony. In particular, his trial counsel's "inability to effectively argue the State's motion in limine barring Dr. Greenberg's testimony on Petitioner's behalf[]" was a direct result of [trial counsel's] nonexistent investigation into an adequate defense" and his refusal to interview witnesses. Defendant attached his own affidavit in support. On May 20, the trial court dismissed defendant's petition as frivolous and patently without merit.

On appeal, defendant contends that the dismissal of his petition is void because he was

3

1-04-3481

never served with notice of the order, arguing that the failure to comply with the 10-day service requirement injures his right to appeal. In response, the State contends that the 10-day service provision is presumptively directory and that our allowance of a late notice of appeal remedied the error.

The record here does not reveal whether defendant was mailed a copy of the trial court's May 20 order dismissing his postconviction petition. But, defendant showed that he was aware of the order dismissing his petition in a letter mailed on October 26, 2004, to the Clerk of the Circuit Court of Cook County. We allowed defendant to file a late notice of appeal.

Subsection 122-2.1(a)(2) of the Act states that a dismissal order "shall be served upon the petitioner *** within 10 days of its entry." 725 ILCS 5/122-2.1(a) (West 2004). This 10-day service provision is a procedural directive to a government official and so is presumptively directory rather than mandatory. People v. Robinson, 217 Ill. 2d 43, 56, 58 (2005).

An exception to the general rule provides that an administrative provision is mandatory if noncompliance with the procedure would generally injure a defendant's rights. In rejecting the application of this exception to the 10-day service provision, our supreme court in Robinson reasoned that tardy service of the defendant's notice of dismissal was not injurious to his right to an appeal because he still had ample time to file a timely notice of appeal. Robinson, 217 Ill. 2d at 57. Also, a defendant's right to an appeal is not significantly harmed by such noncompliance because any prejudice suffered as a result of the untimely service can be rectified by the allowance of a late notice of appeal. People v. Ross, 339 Ill. App. 3d 580, 585 (2003). Untimely service, in violation of the 10-day service provision, does not render void an order dismissing a defendant's petition.

4

1-04-3481

Defendant attempts to distinguish these decisions based on the failure to provide him with any service, rather than merely tardy service. In support, defendant cites People v. Ramirez, 214 Ill. 2d 176 (2005), in which our supreme court ordered strict compliance with a certified mailing provision of the statute governing trials *in absentia*. Ramirez, 214 Ill. 2d at 179, citing 725 ILCS 5/115-4.1(a) (West 1992). The court reasoned that the certified mail requirement was part of a larger legislative scheme designed to protect certain important trial rights. Ramirez, 214 Ill. 2d at 183-84. The supreme court in Robinson specifically distinguished Ramirez and rejected the characterization of the 10-day service provision as a "necessary statutory safeguard" of a defendant's right to an appeal, in contrast to Ramirez's characterization of the certified mail provision as a protector of "important trial rights." Robinson, 217 Ill. 2d at 59-60.

Although a defendant has a right to timely notice of the dismissal of his petition, where he is not prejudiced by the clerk's noncompliance with the administrative provision, *i.e.*, that he still may be allowed to file a notice of appeal, we do not find that the order is void. In Robinson, the defendant did not receive timely service of his notice of dismissal but still was able to file a timely notice of appeal. Similarly here, defendant was apparently not sent notice of the dismissal of his petition; but, we granted him a late notice of appeal, and so, his right to an appeal was not harmed.

Defendant also contends that his petition presented the gist of a claim that his trial counsel was ineffective for failing to lay a proper foundation for Dr. Greenberg's testimony, arguing that his counsel failed to interview Dr. Greenberg and otherwise prepare adequately. In response, the State contends that the trial court properly dismissed the petition because the claims are barred under the doctrine of *res judicata* and do not sufficiently present a claim of ineffective assistance

5

1-04-3481

of counsel.

In defendant's April 2004 petition, he stated that he was "awaiting an affidavit from [Dr. Greenberg]," and that it "will be forwarded upon receipt." The trial court summarily dismissed defendant's petition, finding that the lack of attached supporting documentation justified the dismissal. The court specifically noted that defendant failed to provide Dr. Greenberg's affidavit, as had been promised, or an explanation for its continued absence. It further found that defendant did not sufficiently demonstrate that his trial counsel's conduct prejudiced him.

Defendant filed a "notice of filing of supplemental documentation" containing Dr. Greenberg's supporting affidavit. The notice shows defendant mailed the document on May 20. The trial court received the document on May 25. Dr. Greenberg attested that defense counsel never asked him to "detail what [his] testimony would be." He stated that he would have testified consistently with the report and would have provided "a far more comprehensive understanding" of his diagnosis of defendant. He noted that his testimony was "beyond the general knowledge of a jury and that it was vital in allowing them to understand and render an informed decision." No proceedings were held in response to the supplemental filing.

Our review of a summary dismissal at the first stage of a postconviction proceeding is *de novo*. People v. Edwards, 197 Ill. 2d 239, 247 (2001). To withstand dismissal at the first stage, a *pro se* petition's allegations, taken as true, must present the gist of a meritorious claim. People v. Collins, 202 Ill. 2d 59, 66 (2002). Summary dismissal may be justified if the allegations in the petition are barred by the doctrine of *res judicata*, *i.e.*, that they have already been decided on direct appeal. People v. Blair, 215 Ill. 2d 427, 442 (2005).

Defendant's allegations in his original petition merely rephrase in different constitutional

6

1-04-3481

terms his claim on direct appeal that the trial court improperly excluded Dr. Greenberg's

testimony. People v. Barrow, 195 Ill. 2d 506, 529 (2001). The bar of *res judicata* justifies the

dismissal of defendant's petition. People v. Jones, 362 Ill. App. 3d 31, 33-34 (2005).

But, the bar of *res judicata* may be relaxed if a defendant presents new evidence that is

material, noncumulative, so conclusive that it would produce a different outcome, was discovered

since trial, and could not have been discovered before trial through the use of due diligence.

People v. Deloney, 341 Ill. App. 3d 621, 627 (2003). Defendant maintains that Dr. Greenberg's

affidavit satisfies this new evidence requirement. The State responds that defendant's failure to

submit the affidavit before the trial court's issuance of the order dismissing his petition precludes

our review of the affidavit.

As a general rule, evidence that is not properly before the trial court may not be

considered on review. People v. Steidl, 142 Ill. 2d 204, 226 (1991); People v. Joya, 319 Ill. App.

3d 370, 380-81 (2001). Here, the trial court acknowledged in its order that it had not yet

received Dr. Greenberg's affidavit despite defendant's assurances that it would be provided. The

affidavit was received five days after the issuance of the order. People v. Mauro, 362 Ill. App. 3d

440, 443 (2005) (an order dismissing a defendant's postconviction petition is a final judgment).

Even assuming that defendant mailed the supplemental documentation before the trial court's

issuance of its order, the trial court had not granted defendant leave to supplement his petition.

Mauro, 362 Ill. App. 3d at 442-43 (the trial court within its discretion may allow a defendant to

amend his postconviction petition before the entry of final judgment). Accordingly, Dr.

Greenberg's affidavit is not within our purview.

Alternatively, even were we to consider Dr. Greenberg's affidavit, the petition still would

7

1-04-3481

not overcome the bar of *res judicata* because the affidavit is merely cumulative of the evidence in

the record.  Dr. Greenberg's affidavit consists primarily of ambiguous and conclusory statements.

We cannot discern specifically how Dr. Greenberg's testimony would be beyond a layperson's

general sphere of knowledge and how it would provide a more significant effect on the jury than

defendant's testimony about Detective Licari's interrogation tactics.  People v. Hayes, 279 Ill.

App. 3d 575, 570 (1996); Wood, 341 Ill. App. 3d at 608.  Accordingly, the affidavit provides an

insufficient explanation for how Dr. Greenberg's testimony would aid the jury in reaching its

conclusion.  People v. Gilliam, 172 Ill. 2d 484, 513 (1996) (expert testimony was unnecessary to

explain the recanted confession, as it was not beyond the understanding of ordinary citizens);

People v. Tenner, 206 Ill. 2d 381, 397-98 (2002) (in a successive postconviction petition, the

defendant's alleged "new evidence" relied on existing evidence and merely refashioned psychiatric

evaluations).  We find that the allegations in defendant's petition fail to overcome the bar of *res

judicata*.

Finally, defendant and the State agree that we must correct his mittimus so that it reflects

the amount of credit that defendant is entitled to for time served in presentence custody. Instead

of 84 days credit, the mittimus will be corrected to reflect that defendant is entitled to 86 days

credit.

The judgment of the circuit court of Cook County is affirmed.

Affirmed; mittimus corrected.

R. CAHILL, J., with J. GORDON and R.E. GORDON, JJ., concurring.

8



## OFFICE OF THE ATTORNEY GENERAL
### STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

February 27, 2008

James Fitzgerald
Supervisor, Criminal Appeals
309 Richard J. Daley Center
Chicago, Illinois 60602

Re: *David Wood v. Ott,* No. 08 C 615

Dear Mr. Fitzgerald,

Please be advised that our office has received a federal petition for a writ of habeas corpus in the above-referenced matter. The petitioner, David Wood, is challenging his conviction of predatory criminal sexual assault, entered in the Circuit Court of Cook County on June 29, 2001.

We have been ordered to respond to the petition. The case has been assigned to Assistant Attorney General Russell K. Benton for handling. You may contact Mr. Benton directly at (312) 814-2113 if you wish to have any involvement in the case.

Because this matter involves a conviction entered in your county, we are providing you with this notice.

Very truly yours,

David H. Iskowich
Assistant Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-5643

103557

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

January 24, 2007

Hon. Lisa Madigan
Attorney General, Criminal Appeals Div.
100 West Randolph St., 12th Floor
Chicago, IL 60601

No. 103557 - People State of Illinois, respondent, v. David
            Wood, petitioner.  Leave to appeal, Appellate
            Court, First District.

The Supreme Court today DENIED the petition for leave to appeal in the above entitled cause.

The mandate of this Court will issue to the Appellate Court on March 1, 2007.

EXHIBIT E