```
                                              FILED
IN THE UNITED STATES DISTRICT COURT           JUN 23 2008
     NORTHERN DISTRICT OF ILLINOIS
           EASTERN DIVISION                   MICHAEL W. DOBBINS
                                              CLERK, U.S. DISTRICT COURT
```

DAVID WOOD )
 )
        Plaintiff, )
 )
vs. ) Case No. 08-C-0615
 )
ANDREW K. OTT ) Honorable: ROBERT M. DOW
  Acting Warden )             Judge Presiding
        Defendant. )

### REPLY OPPOSING DEFENDANT'S MOTION TO DISMISS

    Defendant has moved to dismiss as time-barred, Petitioner's Writ of Habeas Corpus. The Petitioner opposes the motion on the following grounds:

GROUND ONE

Petitioner opposes the statement presented by the Defendant in point 9(page 5) of 'Motion to Dismiss', that '97 days ran on the one-year limitations period between the date his judgment was final and the date he filed his post-conviction petition'.
 After the Illinois Supreme Court denied Petitioner's Petition for Leave to Appeal(PLA) on October 7, 2003(**People v. Wood**, No. 96747 (Ill. 2003)), Petitioner still had a State avenue available for raising new claims by way of a Post-Conviction Petition as guaranteed under the Post-Conviction Hearing Act(725 ILCS 5/122-1). The Post-Conviction Hearing Act states that, 'If a petition for certiorari is not filed, no proceeding under this Article shall be commenced more than 6 months from the date for filing a certiorari petition, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence',(725 ILCS 5/122-1(c)). There is no mention in the Post-Conviction Hearing Act that directs the petitioner to give prior notice to the Court of his intent to file a Post-Conviction petition during the 6 month period, as cited above.

An application for Habeas Corpus relief by one detained under a State Court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the State Courts have been exhausted. The Petitioner has the right under the law of the State to raise, by any available procedure, the question presented(28 U.S.C. § 2254(c)). It is further stated in the federal habeas corpus statute that a State prisoner must exhaust all available State remedies on direct appeal or through collateral proceeding before a federal court may consider granting habeas corpus relief(28 U.S.C. § 2254(b)(1)(A)). Petitioner applied due diligence in filing his Post-Conviction petition within the 6 month period imposed by the Post-Conviction Hearing Act. The filing of a Writ of Habeas Corpus was not even considered by Petitioner until after his PLA to the Illinois Supreme Court was denied on January 24, 2007(People v. Wood, No. 103557(Ill. 2007)). It is unreasonable to expect that a Petitioner be aware that days are running against his one-year limitation period for filing a Writ of Habeas Corpus while he is in the midst of exercising due diligence to raise all issues to the State Court in his process of exhausting all of his State remedies.

In the pursuit and filing of Petitioner's Post-Conviction Petition all State procedural rules were properly respected and new issues were raised, so that the date on which the judgment became final by the conclusion of direct review(upon all issues presented to the State Court) was on January 24, 2007,(28 U.S.C. § 2244(d)(1)(A)). In Carey v. Saffold, it is stated that, 'federal courts will be required to assess, without clear guidance from State law, whether respondent exercised due diligence'. This inquiry will create substantial uncertainty, and resulting federal litigation, over whether a prisoner has filed his habeas petition within a reasonable time. The uncertainty may vex prisoners as well, for they cannot know whether the federal statute of limitations is running while they prepare their State petitions! (Carey v. Saffold, 122 S.Ct. 2146 (2002)). This opinion by U.S. Supreme Court Justice Kennedy, shows that it was not the intent of the Antiterrorism and Effective Death

Penalty Act(AEDPA) of 1996, to cause additional federal litigation to occur or for prisoners to be further vexed in their access to the Corut by holding them accountable, at a later date, for the running of the federal statute of limitations during exhaustion of State remedies. In Carey v. Saffold, it is stated that,' The exhaustion requirement serves AEDPA's goal of promoting"comity, finality, and federalism"', Williams v. Taylor, 529 U.S. 420, 436, 120 S.Ct. 1479, 146 L.Ed. 2d 435(2000), by giving state courts "the first opportunity to review [the] claim", and to "correct" any "constitional violation in the first instance" Boerckel, supra, at 844-845, 119 S.Ct. 1728. And AEDPA's limitations period with its accompanying tolling provision ensures the achievement of his goal because it "promotes the exhaustion of State remedies while respecting the interest in the finality of state court judgments". Duncan v. Walker, 533 U.S. 167, 178, 121 S.Ct. 2120, 150 L.Ed. 2d 251(2001),(Carey v. Saffold, 122 S.Ct. 2138(2002)). In the present case , the Defendant is vexing Petitioner by attempting to substract days from a statute of limitations that was designed to give prisoners one year to file their habeas corpus petition after the proper exhaustion of all available state remedies. Petitioner filed Post-Conviction Petition within the 6 months limit imposed by the Post-Conviction Hearing Act(725 ILCS 5/122-1) and Petitioner filed his Habeas Corpus petition within the one-year limit imposed by the AEDPA limitations(28 U.S.C. § 2244 (d)(1)). This Court should rule not to vex the Petitioner by holding him accountable for 97 days counted against a federal statute of limitations while Petitioner was in the process of pursuing the proper exhaustion of his State remedies.

GROUND TWO
Defendants claim in point 12(page 6) of his 'Motion to Dismiss', that 'petitioner does not assert any of the circumstances listed in § 2244(d)(1)(B)-(D) that might start the one-year limitations period at a later date', is unreasonable. Petitioner did not present any of the circumstances because both his Post-Conviction Petition and his Habeas Corpus Petition were timely filed accord-

ing to their particular statutes. In the event that the Court rules in favor of the 97 days ran on the one-year limitation as argued in Ground One, Petitioner presents the following circumstances by which the one-year limitation would start on a later date:

1) As supported by Petitioner's Affidavit filed with 'Plaintiff's Motion For Enlargement Of Time', received by this Court on April 21, 2008, the Law Library at Graham Correctional Center has only been open to the inmate population once per week by staff issued call pass, for a maximum of three hours, since April 1, 2007. This limitation, that still exists to this day, is a state-created impediment that has hindered Petitioner's efforts to pursue a legal claim in a time-effective manner(28 U.S.C. § 2244 (d)(1)(B). An inadequate prison library has been found to constitute a State-created impediment to Petitioners filing a petition(Moore v. Battaglia, 426 F3d 504(7th Cir. 2007)).Owen v. Boyd,235 F3d 356, 359(7th Cir. 2000). Prisoners have a constitutional right of access to the courts that is adequate, effective, and meaningful. This is satisfied by having sufficient access to a law library(Walters v. Edgar, 900 F. Supp. 197 N.D. Ill. 1995). The Court has held that 10 hours per week was the proper minimum amount of time which should be allowed to inmates for library access(Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed. 2d 606(1996).

2) The factual predicate of the claim in Petitioner's Post-Conviction Petition concerning his Attorney's ineffective assistance of counsel was not completely discovered until the receiving of barred Expert Witness, Dr. Greenberg's Affidavit. As supported by the record, the Appellate Court affirmed the Circuit Court's denial of Petitioner's Direct Appeal in an Order dated June 24, 2003. The Appellate Court found that the argument of Petitioner's Attorney at trial as to why Expert Witness, Dr. Greenberg, should be allowed to testify, was waived as a result of defense counsel's inadequate offer of proof and that Dr. Greenberg's testimony was 'not beyond the understanding of ordinary citizens' and was not a difficult concept to understand,(Wood, 341 Ill. App. 3d at 604,608). This finding by the Appellate Court and the later denial of Peti-

tioner's PLA to the Illinois Supreme Court on October 7, 2003, necessitated the Petitioner to seek out Dr. Greenberg by way of written correspondance to become informed of the factual predicate needed to raise a previously unknown claim of ineffective assistance of counsel. Under 28 § 2244(d)(1)(D), the limitation period for a Writ of Habeas Corpus shall run from the latest of 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence'. Petitioner exercised reasonable diligence in the process of learning the information needed to present new claims in his Post-Conviction Petition. Petitioner also exercised reasonable diligence in researching the law to determine whether a colorable claim existed and what facts were nacessary to state a proper cause of action.

3) The one-year period of limitation imposed upon a Writ of Habeas Corpus by a person in custody pursuant to the judgment of a State Court under AEDPA, is not jurisdictional and is subject to equitable tolling. The doctrine of equitable tolling preserves a Plaintiff's claims when strict application of the statute of limitations would be inequitable. This remedy is reserved for circumstances that are truly beyond the control of the Plaintiff as they exercise due diligence. Petitioner exercised due diligence in investigating the new claims in his Post-Conviction Petition and was hindered and delayed by the law library time limitations and the awaiting of critical Affidavit from Expert Witness, Dr. Greenberg.

In conclusion, any delay in filing of Petitioner's Post-Conviction and in the filing of his Writ of Habeas Corpus was solely the result of the facts presented in the grounds stated above, not the result of any intentionally delaying tactics. Petitioner has been incarcerated since conviction of the case presented, is indigent, and prison law library services are limited. This Court should dismiss the Defendant's 'Motion To Dismiss' and begin the process of addressing the merits presented in Petitioner's Writ of Habeas Corpus.

Respectfully Submitted,

_____, pro se
David Wood