IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. DAVID WOOD, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 08 C 615 |
| ANDREW OTT, Acting Warden, | ) ) | The Honorable Robert M. Dow, |
| Respondent. | ) | Judge Presiding. |

**RESPONDENT'S REPLY TO PETITIONER'S RESPONSE**

Respondent Andrew Ott files this reply as ordered by this Court on April 30, 2008 (Doc. 12), and states as follows:

1. On January 28, 2008, petitioner David Wood filed a petition for writ of habeas corpus in this Court under 28 U.S.C. § 2254. (Doc. 1).

2. On March 11, 2008, respondent filed a motion to dismiss the petition as time-barred, noting that it had been filed 91 days beyond the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (Doc. 7 at 6).

3. Petitioner's response to respondent's motion to dismiss argues that his habeas filing was timely, and in the alternative, asks this Court to take judicial notice that the delay was caused by a "state-created impediment" that he was not given adequate access to the law library at Graham Correctional Center. (Doc. 14 at 4-5).

4.    Petitioner's argument is meritless. In claiming that he was not given adequate library access, petitioner appears to be invoking equitable tolling to excuse his untimely filing. But equitable tolling is rarely granted and only excuses an untimely filing when, despite exercising reasonable diligence, a petitioner could not have learned the information he needed in order to file on time. *See Jones v. Hulick,* 449 F.3d 784, 789 (7th 2006) (*citing Taliani v. Chrans*, 189 F.3d 597 (7th Cir. 1999)). Here, petitioner makes no showing that he could not have learned of the filing deadline for his habeas petition within the one-year period and filed within that period, especially since he acknowledges that he was never denied library access, just that he did not get as much as he sought. (Doc. 14 at 4).

5.    Moreover, the Seventh Circuit has held that equitable tolling is not triggered when a habeas petitioner has access to the law library. *See Jones*, 449 F.3d at 789 (habeas petitioner not entitled to equitable tolling when he was deprived of all access to prison law library for sixty days); *Wilson v. Battles*, 302 F.3d 745, 749 (7th Cir. 2002) (equitable tolling depends on extraordinary circumstances); *see also Rosado v. Schomig*, 64 F.Supp.2d 790, 796 (C.D. Ill.1999) (prison lockdown is not extraordinary circumstance to justify equitable tolling); *Morgan v. Gilmore*, 26 F.Supp.2d 1035, 1039 (N.D. Ill. 1999)) (lockdown at state prison did not prevent petitioner from filing timely application for habeas relief).

6.    Petitioner also claims that an affidavit from an expert witness barred at trial, Dr. Greenberg, is a factual predicate that could not have been discovered through

2

his reasonable diligence (*see* § 2244(d)(1)(D)) and that the limitations period should begin upon the production of the affidavit, rather than the date his conviction became final under § 2244(d)(1)(A). But petitioner acknowledges that Dr. Greenberg's opinion was raised at his 2003 trial and there is no indication that the contents of the affidavit are newly discovered such that the later start dated conferred by § 2244(d)(1)(D) is triggered.[1] Indeed, petitioner acknowledges that the issue of Dr. Greenberg's testimony was raised to the state courts in his appellate brief and PLA on direct appeal. (Doc. 14 at 4-5). Therefore, the factual allegations in the affidavit cannot be considered a "new factual predicate." *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (under subsection (D), time begins when prisoner knows, or through diligence could discover the factual predicate of the claim, not when prisoner recognizes legal significance). Therefore, § 2244(d)(1)(D) does not provide the applicable starting date for the limitations period.

Accordingly, for the foregoing reasons, and for the reasons set forth in respondent's original motion, petitioner's habeas petition should be dismissed with prejudice as untimely.

---

[1] Petitioner does not discuss the contents of the affidavit in his response, nor does he attach the affidavit. (*See* Doc. 14).

    Respectfully submitted,

    LISA MADIGAN
    Attorney General of Illinois

By: s/Russell K. Benton_____
    RUSSELL K. BENTON, Bar # 6203142
    100 West Randolph Street, 12th Floor
    Chicago, Illinois 60601-3218
    PHONE: (312) 814-2113
    FAX: (312) 814-5166
    E-MAIL: Rbenton@atg.state.il.us

4

## **CERTIFICATE OF SERVICE**

I certify that on July 3, 2008, I electronically filed this **reply to petitioner's response** with the Clerk of the United States District Court for the Northern District, Eastern Division using the CM/ECF system, and on the same date, mailed a copy of this document by United States Postal Service to the following CM/ECF user:

David Wood, No. K95302
Graham Correctional Center,
P.O. Box 499
Hillsboro, IL 62049

By:  s/Russell K. Benton_____
RUSSELL K. BENTON, Bar # 6203142
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601-3218
PHONE: (312) 814-2113
FAX: (312) 814-5166
E-MAIL: Rbenton@atg.state.il.us