# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. DAVID WOOD, | ) ) ) | |
| Petitioner, | ) ) | |
| vs. | ) ) | Case No. 08-cv-615 |
| ANDREW OTT, Acting Warden, | ) ) | Judge Robert M. Dow, Jr. |
| Respondent. | ) ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Respondent Andrew Ott's motion to dismiss Petitioner David Wood's petition for habeas corpus [7] on the ground that the petition is time barred under the one year statute of limitations that applies to federal habeas corpus petitions under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). For the reasons stated below, Respondent's motion [7] is granted.

**I.     Background**

On June 29, 2001, Petitioner was found guilty of predatory criminal sexual assault in the Circuit Court of Cook County. He received a sentence of ten years imprisonment and is now in the custody of Respondent, the Acting Warden of the Graham Correctional Center in Hillsboro, Illinois.

On direct appeal, Petitioner's conviction was upheld by the Illinois Appellate Court. The Supreme Court of Illinois denied Petitioner's petition for leave to appeal on October 7, 2003, and Petitioner declined to file a petition for a writ of certiorari in the Supreme Court of the United States. However, on April 13, 2004, Petitioner filed a petition for post-conviction relief in the

Circuit Court. The Circuit Court summarily dismissed the post-conviction petition, the Appellate Court affirmed, and on January 24, 2007, the Supreme Court denied a petition for leave to appeal. Petitioner again declined to seek review in the Supreme Court of the United States.

On January 21, 2008, Petitioner filed his petition for a writ of habeas corpus in this Court under 28 U.S.C. § 2254. Petitioner raises four substantive issues: (i) the trial court improperly prevented him from presenting forensic evidence; (ii) trial counsel was ineffective in failing to properly oppose the State's motion in limine regarding Petitioner's expert and present any affirmative evidence; (iii) Petitioner's confession was inadmissible because it was coerced; and (iv) Petitioner was denied access to counsel during the underlying police investigation.

**II.    Analysis**

It is undisputed that Petitioner has no further state court avenues of review, and thus he has exhausted his available state remedies as required by 28 U.S.C. § 2254(b). The question raised in Respondent's motion is whether the petition should be dismissed as untimely under the one year statute of limitations for Section 2254 petitions set forth in 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of —
>
> (A)    the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the

>     Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Just last month, the Supreme Court reaffirmed that where, as here, a "federal prisoner chooses not to seek direct review" in the Supreme Court, "the conviction becomes final when 'the time for filing a certiorari petition expires.'" *Jimenez v. Quarterman*, 129 S. Ct. 681, 685 (2009). Thus, Petitioner's direct appeal became final on January 5, 2004, when the period for filing a petitioner for certiorari expired ninety days after the Illinois Supreme Court denied his petition for leave to appeal. As of that date, the one year limitations period under Section 2244(d) began to run.

It is true that the limitations period was tolled – *i.e.*, stopped running – as of the date that Petitioner filed his application for post-conviction relief on April 13, 2004. However, under well established law, the 97 days that lapsed between January 5 and April 13, 2004 must be charged against the one year time period. See, *e.g.*, *Jones v. Hulick*, 449 F.3d 784, 788-89 (7th Cir. 2006) (finding habeas petition untimely by "[a]dding the 35 days between the finality of the direct appeal and the filing of [petitioner's] motion for postconviction relief" to the 350 days between the denial of a petition for leave to appeal the Illinois Appellate Court's adverse ruling on petitioner's application for post-conviction relief and the filing of his federal habeas petition); *United States ex rel. Carmichael v. McCann*, 2009 WL 35289, at *2 (N.D. Ill. Jan. 6, 2009) (applying the same analysis in finding habeas petition time barred under combination of (i) lapse of time between finality of direct appeal and filing of post-conviction petition and (ii) lapse of time after state courts' denial of post-conviction relief and filing of federal habeas petition).

The AEDPA statute of limitations clock began running again on January 24, 2007, when the Illinois Supreme Court denied Petitioner's post-conviction petition for leave to appeal. As of that date, Petitioner had 268 days remaining in which to file a timely habeas petition, for unlike on direct appeal, the limitations period is not tolled during the ninety days within which Petitioner could have filed a petition for a writ of certiorari. See *Lawrence v. Florida*, 549 U.S. 327, 332 (2007); *Gildon v. Bowen*, 384 F.3d 883, 885-86 (7th Cir. 2004). The one year clock thus expired on October 22, 2007, but Petitioner did not file his habeas petition in this Court until January 21, 2008.[1] The petition thus was filed 91 days beyond the expiration of the limitations period under AEDPA.

Petitioner does not contest any of the chronology set forth above. Instead, he asks that the Court excuse the tardy filing on a variety of equitable grounds. In general, under the doctrine of equitable tolling, a court may toll the statute of limitations to benefit an otherwise untimely litigant if the litigant can establish that (i) he had been pursuing his rights diligently and (ii) some extraordinary circumstance prevented timely action. *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005). The Seventh Circuit has suggested that equitable tolling might be applied to 28 U.S.C. §2244(d) "when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." *Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007). At the same time, the court of appeals has stressed that "[e]quitable tolling is rarely granted" and recently observed that "we have yet to identify a petitioner whose circumstances warrant it." *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008).

Petitioner first argues that he should not be held accountable for the 97 day period between the date on which his direct appeal became final and the date on which he filed his

---

[1] Assuming for present purposes that Petitioner placed the petition in the custody of prison officials for mailing on the date that he signed it, the petition is deemed to be filed as of January 21, 2008, under the "mailbox" rule.

4

action for post-conviction in the state circuit court because "[i]t is unreasonable to expect that a Petitioner be aware that days are running against his one-year limitations period for filing a Writ of Habeas Corpus while he is in the midst of exercising due diligence to raise all issues to the State Court in his process of exhausting all of his State remedies." Resp. at 2. Unfortunately for Petitioner, the pertinent case law quite clearly has established the rules concerning the running and tolling of the AEDPA limitations period for both direct appeals and post-conviction remedies. Thus, while the Court recognizes that Petitioner "is far from the first pro se litigant who has struggled with the often complex rules governing habeas corpus proceedings," the Seventh Circuit has made crystal clear that "mistakes of law 'that might not be obvious to an unrepresented prisoner * * * are not a basis for equitable tolling' even if they are reasonable." *United States ex rel. Merced v. Hulick*, 2008 WL 4091009, at *3 (N.D. Ill. Aug. 22, 2008) (citing Seventh Circuit decisions).

Petitioner's next tolling argument rests on the assertion that the "inadequate prison library" at Graham Correctional Center constitutes "a state-created impediment that has hindered Petitioner's efforts to pursue a legal claim in a time-effective manner." Resp. at 4. But the Seventh Circuit repeatedly has held that equitable tolling is not available to prisoners who have limited access to legal materials. See, *e.g.*, *Tucker*, 538 F.3d at 735 ("a prisoner's limited access to the prison law library is not grounds for equitable tolling"); *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (60-day segregation without access to law library is not grounds for equitable tolling). Moreover, Petitioner does not contend that he was denied library access altogether, or that the materials available in the library did not contain the relevant statute of limitations or other materials that Petitioner needed to research the issues germane to his substantive claims. This case therefore is distinguishable from *Moore v. Battaglia*, 476 F.3d 504, 507-08 (7th Cir.

5

2007), in which the court of appeals directed the district court to develop a factual record on the adequacy of the materials available in the prison library. Here, the sole contention is limited access to the library during the one year period in which Petitioner was obligated to file his habeas petition – a claim that cannot be sustained on the state of the record in this case and in light of the pertinent authorities.

Finally, Petitioner attempts to invoke Section 2244(d)(1)(D), which permits a later start date for the limitations period when the petitioner was unable to discover the factual predicate for a habeas claim. See *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). The basis for Petitioner's appeal to subsection (D) is his assertion that the factual predicate for his ineffective assistance claim was not evident until Petitioner received a "critical" affidavit from a barred expert witness. Resp. at 4-5. Petitioner does not discuss the contents of the affidavit, nor does he state when he received it. But Petitioner does acknowledge that issues relating to the expert's proffered opinion were raised at trial and in the Illinois reviewing courts on direct appeal. *Id*. In view of those acknowledgments, the information in the affidavit cannot be said to constitute a "new factual predicate" that was unknown to or could not have been discovered by Petitioner during the pendency of his direct appeal (and before any of the limitations period had run). See *Owens*, 235 F.3d at 359-60.

As the foregoing analysis indicated, although the Court accepts Petitioner's explanation that the delay in the filing of his habeas petition was "not the result of any intentionally delaying tactics" (Resp. at 5), the Court nevertheless is constrained to respectfully dismiss the petition as time barred. There simply is no question that the one year limitations period under the AEDPA had expired before the petition was filed in this Court, and Petitioner's arguments that this case presents the exceedingly rare circumstances in which equitable tolling may be warranted (see

6

*Tucker*, 538 F.3d at 734) or is an appropriate case for invoking Section 2244(d)(1)(D) (see *Owens*, 235 F.3d at 359-60) are unavailing as a matter of fact, law, or both.

**III. Conclusion**

For the foregoing reasons, Respondent's motion to dismiss the petition for a writ of habeas corpus [7] is granted.

Dated: February 24, 2009

Robert M. Dow, Jr.
United States District Judge